## AMOS SHATTUCK *vs.* STONEHAM BRANCH RAILROAD.

A person whose land has been taken for a railroad may, on a trial before a sheriff's jury for the assessment of damages, testify to his opinion of the amount of damage which he has sustained, and may prove actual recent sales of other lands in the vicinity, which are similarly situated, before or since the date of the warrant for the jury; but he cannot be allowed to introduce in evidence the opinions of others as to the value of other lands in the vicinity.

On a hearing before a sheriff's jury for an assessment of the damages caused by taking land for a railroad, it is very much within the discretion of the presiding officer to determine whether actual sales of other lands, which are offered to be proved, were sufficiently recent, and whether the lands were sufficiently like that in controversy, to make the evidence admissible.

On such hearing, the respondents may prove that since the hearing began they have located a passenger station near the petitioner's land over which the railroad crossed.

It is not necessary, in summoning a sheriff's jury, to take any jurors from the town nearest the land in controversy; but it is enough if they are all taken from towns within the county and adjoining the town in which the land lies.

PETITION to the county commissioners of Middlesex county for a jury to assess damages sustained by reason of taking land of the petitioner in Woburn for a railroad. A warrant was duly issued and the case was tried before the sheriff, whose report thereof showed that before the hearing commenced the respondents objected to proceeding under the warrant because no jurors were taken from Stoneham, which was the town nearest to the land in controversy; but the objection was overruled, the jurors all having been taken from towns within the same county and adjoining Woburn.

During the trial the petitioner testified in his own behalf, and was allowed, under objection, to state his opinion of the amount of damage sustained by him, by reason of the taking of the land. John Hill, a witness for the petitioner, was also allowed to testify, under objection, what he gave for a lot of land about a quarter of a mile from that of the petitioner, and how the two lots compared in value. Luther Hill, another witness for the petitioner, was allowed to testify, under objection, as to the comparative value of the land in controversy and an adjoining lot, a sale of which for a certain price had been put in evidence. George W Dike another witness for the petitioner, stated on

cross-examination that, as a member of a committee of the town of Stoneham, he had recently purchased a lot of land for a cemetery, situated near the petitioner's land and the railroad, and was asked what price he paid for it. This question was objected to on the ground that the land was bought for a public purpose; and the evidence was excluded. A. L. Richardson, a witness for the respondents, was asked on cross-examination how much one McEvoy gave for a small lot of land on the line of the railroad, and in the vicinity of, but not adjoining, the petitioner's land. The respondents objected to this question, on the ground that the lot was not adjoining or situated similarly to the land of the petitioner; but the evidence was admitted. The respondents offered to prove a sale of land adjoining that of the petitioner, made by one Hackett to them since the date of the warrant; but the evidence was excluded. Thaddeus Richardson, a witness for the respondents, was asked how much he paid for land similar and near to that of the petitioner, which he had purchased about seven years before; but this question was held to be incompetent. The respondents offered to prove that since the hearing began their directors had located a passenger station at a place near the petitioner's land which the railroad crossed; but the evidence was excluded.

The jury returned a verdict assessing damages in the sum of $785, which on motion of the respondents was set aside in the superior court; and the petitioner appealed to this court.

*W. P. Harding*, for the petitioner.

*A. B. Coffin*, for the respondents.

CHAPMAN, J. The first objection to the rulings of the officer who presided at the trial is, that he allowed the petitioner to testify to the amount of the damage done by the respondents to his estate.

It is not denied that the petitioner is by statute made a competent witness, and might testify to anything that might be stated by any other witness. It is settled in this commonwealth that where the value of property, real or personal, is in controversy, persons acquainted with it may state their opinion as to its value. Also where the amount of damage done to property

is in controversy, such persons may state their opinion as to the amount of the damage. This is permitted as an exception to the general rule, and not strictly on the ground that such persons are experts; for such an application of that term would greatly extend its signification. The persons who testify are not supposed to have science or skill superior to that of the jurors; they have merely a knowledge of the particular facts in the case which jurors have not. And as value rests merely in opinion, this exception to the general rule that witnesses must be confined to facts, and cannot give opinions, is founded in necessity and obvious propriety. *Vandine* v. *Burpee,* 13 Met. 288. *Wyman* v. *Lexington, &c. Railroad,* Ib. 326. *Walker* v. *Boston,* 8 Cush. 279. *Dwight* v. *County Commissioners,* 11 Cush. 201. The same rule is adopted in New York. *Clark* v. *Baird,* 5 Selden, 183.

But this rule of evidence is exceptional, and is confined to the subject of the controversy. *Vandine* v. *Burpee, ubi supra.* Evidence as to other property similarly situated must be limited to facts. Evidence of actual sales of other similar land in the vicinity is competent. And much must be left to the discretion of the presiding officer in deciding what lands are similar, and the length of time within which the evidence shall be confined. These matters must vary in each particular case; and as they must be passed upon by the officer, any reasonable exercise of his discretion cannot be excepted to, unless in cases where he reports the facts upon which his decision was founded.

On these principles, the plaintiff's testimony was admissible. So also was that of John Hill, except so far as he was allowed to state his opinion of the value of his own land, and compare it with that of the plaintiff. That portion of it was admitted erroneously. The same rule should have excluded a portion of Luther Hill's testimony. It is impossible for this court to decide whether the testimony of Dike as to the purchase of land for the cemetery was admissible. It would seem to be within the discretion of the presiding officer to decide it.

The testimony of A. L. Richardson was properly admitted. The purchase from Hackett seems also to have been admissible in evidence. The fact that it was since the date of the warrant

was no legal objection to it. As to the evidence of the purchase made by Thaddeus Richardson, it was within the discretion of the presiding officer. The evidence of the location of a passenger station in the vicinity was admissible; *Brown* v. *Providence, &c. Railroad,* 5 Gray, 39; and was improperly excluded.

The objection that no jurors were drawn from Stoneham, the town nearest the land in question, is not well founded. It is enough that the jurors are taken from towns adjoining the town in which the land lies, and in the same county.

*Verdict set aside. Case remitted for further proceedings*