**GINSBERG v. ROYAL INS. CO. et al.**

No. 12797.

United States Court of Appeals
Fifth Circuit.

Jan. 10, 1950.

---

153

under certain policies of fire insurance with appellee for smoke damage alleged to have, been sustained to its stock of ladies' dresses and blouses as the result of a fire which occurred on June 13, 1948, in a building it occupied in Dallas, Texas. The insurance company denied the loss and the amount thereof, and a trial to the court without a jury resulted in a judgment in favor of appellant in the amount of $9,333.00.

The only question before us is whether the damages awarded are so insufficient under the evidence as to render such finding clearly erroneous under Rule 52(a) of the Federal Rules of Civil Procedure, 28 U.S.C.A., or whether the trial court's finding in this regard is supported by any substantial evidence so as to require an affirmance of the judgment based thereon.

A careful consideration of the record testimony reveals that much of the evidence as to the damages and the fair market value of the dresses and blouses before and after the fire was in sharp dispute. Moreover, the trial court heard and observed each witness who testified in the case, and under the evidence adduced he was justified in finding that some of the stock in question was old and obsolete and of relatively small value, and that not all of the dresses and blouses were damaged. It was proper for him to estimate as best he could, using his best judgment and according due weight to the credibility of the various witnesses, the number of garments damaged, their value before and after the fire, the number of garments which were found to be old and obsolete, and their respective values. Although more specific findings of fact upon these issues would have been helpful and appropriate, a failure to make them does not constitute reversible error. Neither may the court now be put in error for its failure to reveal the method employed in calculating the amount of damages awarded, for the method of assessing unliquidated damages in any case is not required to be revealed by a trier of the facts, either court or jury. In such cases the court's informed opinion and best estimate of the damages is reflected in his award, which in this instance already measures to a sub-

Henry Klepak, Dallas, Tex., for appellant.

Pinkney Grissom, Dallas, Tex., William E. Collins, Dallas, Tex., for appellee.

Before McCORD and WALLER, Circuit Judges, and RICE, District Judge.

PER CURIAM.

Appellant, a manufacturer and retailer of ladies' wearing apparel, sought recovery

stantial sum. Under such circumstances, we may not regard the finding as to the damages sustained clearly erroneous, but consider it sufficient to refer to the language of this court in the case of Sanders v. Leech, 5 Cir., 158 F.2d 486, 488, as particularly applicable and controlling here: "In so far as plaintiff asks us to increase and affirm the judgment, he is asking us, in a case here for review of errors and not for trial de novo, to assume the role of the trial judge, a role we may not play." See also, McGee v. Nee, 8 Cir., 113 F.2d 543; Federal Underwriters Exchange v. Pugh, Tex.Civ.App., 176 S.W.2d 761.

It follows that the judgment should be, and the same is hereby affirmed.