COMMONWEALTH vs. ONE 1969 MERCEDES-BENZ AUTOMOBILE.

Suffolk. May 1, 1978. — July 7, 1978.

Present: QUIRICO, BRAUCHER, LIACOS, & ABRAMS, JJ.

*Statute*, Construction. *Narcotic Drugs. Practice, Civil*, Forfeiture pro-
ceeding. *Evidence*, Prima facie evidence. *Motor Vehicle*, Forfeiture.

In a civil action brought by a district attorney seeking forfeiture of an
automobile under the provisions of G. L. c. 94C, § 47, evidence that
small quantities of heroin were found on the person of a passenger in
the automobile and in the bedroom of the automobile's owner was in-
sufficient to support the conclusion required by § 47 (*a*) (3) that the
automobile was used or intended for use to facilitate the manufacture,
dispensing or distribution of heroin. [666-669]

CIVIL ACTION commenced in the Superior Court on May
10, 1977.

The case was heard by *George*, J., a District Court judge
sitting under statutory authority.

After review was sought in the Appeals Court, the Su-
preme Judicial Court, on its own initiative, ordered direct
appellate review.

*Richard K. Latimer* for the defendant.

*Joanna Connolly*, Legal Assistant to the District Attorney
(*Peter D. Feeherry*, Assistant District Attorney, with her)
for the Commonwealth.

LIACOS, J. This is a civil action in the nature of an equit-
able proceeding in rem brought by a district attorney, in the
name of the Commonwealth, to order forfeiture of a 1969
Mercedes-Benz automobile. See G. L. c. 94C, § 47 (*d*). The
action was commenced on May 10, 1977, by the filing of a
complaint in Superior Court, Suffolk County. Following a
trial before a judge, see *id.*, the judge ordered on August 18,
1977, that the automobile be forfeited to the Common-
wealth. The owner of the automobile, William R. Askew,

moved for a new trial. The motion was denied, but the judge granted a stay pending appeal to the Appeals Court. We transferred the case here on our own motion. We reverse the judgment of the Superior Court.

The following facts were adduced at trial. On the evening of March 26, 1977, officers of the drug control unit of the Boston police department were conducting a surveillance of Askew's residence. Askew, together with one Larry Harrison, was observed leaving the residence and approaching the automobile in question, which was parked in the driveway. One of the officers, Detective Alton J. Frost, who was the only witness called at the trial, testified that after the two men entered the vehicle they "had their heads together as if in conversation of some sort for approximately thirty seconds to a minute." The vehicle then left the driveway, with Askew driving, and proceeded down the street for a short distance until it was stopped by the officers. The two men complied with the officers' order to get out of the automobile, and submitted to a search of their persons. A quantity of a substance, later identified as heroin, was found in the possession of Harrison. No drugs were found in the possession of Askew, nor did thorough searches of the automobile itself result in the discovery of any controlled substance. The automobile was taken into police custody.[1] Askew and Harrison were brought back to Askew's residence where the police conducted a search of the premises pursuant to a search warrant. Detective Frost testified that he found in Askew's bedroom "[a]nother tin of heroin similar to the one that was taken off of Larry Harrison" as well as approximately one pound of marihuana. Askew and Harrison were then taken to the police station.

---

[1] The police had a warrant to search the premises occupied by Askew, but did not have a warrant to arrest either Askew or Harrison, nor did they have a warrant to search or seize the automobile. The validity of the searches of the two men and the automobile, as well as of the seizure of the automobile following the discovery of heroin in Harrison's possession, is not at issue in this case.

The controlling provisions of law are found in G. L. c. 94C, § 47, as amended by St. 1972, c. 806, §§ 30-31. Subsection (*a*) provides in part: "(*a*) The following property shall be subject to forfeiture to the commonwealth and all property rights therein shall be in the commonwealth: . . .(3) All conveyances, including aircraft, vehicles or vessels which are used, or are intended for use, to transport, conceal or otherwise to facilitate the *manufacture, dispensing or distribution* of or *possession with intent to manufacture, dispense or distribute* a controlled substance in violation of the provisions of section thirty-two" (emphasis added).

Subsection (*c*) further defines the circumstances in which forfeiture of conveyances is appropriate. It provides: "(*c*) The court shall order forfeiture of all conveyances subject to the provisions of subparagraph (3) of subsection (*a*) of this section, except as follows: . . . (3) No conveyance shall be subject to forfeiture unless the owner thereof knew or should have known that such conveyance was used *in and for the business of unlawful manufacturing, dispensing or distributing* controlled substances. Proof that the conveyance was used to facilitate the unlawful dispensing, manufacturing or distribution of, or possession with intent unlawfully to manufacture, dispense or distribute, controlled substances on three or more different dates shall be prima facie evidence that the conveyance was used in and for the business of unlawfully manufacturing, dispensing or distributing controlled substances" (emphasis added).[2]

Askew raises two arguments on appeal. He first contends that the forfeiture proceeding should have been dismissed because it was not timely commenced. The automobile was seized on March 26, 1977, and the instant action was brought on May 10, 1977, a time period of more than six

---

[2] In a proceeding to order forfeiture of a conveyance subject to forfeiture under subsection (*a*) (3), "the commonwealth shall have the burden of proving all material facts by a preponderance of the evidence, and the owner of said conveyance or other person claiming thereunder shall have such burden as to all exceptions set forth in subsection (*c*) of this section." G. L. c. 94C, § 47 (*d*).

weeks. Askew relies on G. L. c. 257, § 2, which imposes a fourteen-day limitation period for the commencement of forfeiture proceedings following seizure of property. Askew recognizes that no period of limitations is provided within the specific statutory scheme directly involved in the forfeiture at issue — the provisions of G. L. c. 94C, § 47. Nevertheless, he maintains that the fourteen-day limitation period of G. L. c. 257, § 2, characterized by him as a more generally applicable statute, must be employed in his case both to preserve legislative intent and to avoid potential constitutional problems involving the deprivation of property without due process of law. Because of our view that resolution of the issue addressed in Askew's second argument requires reversal, we find it unnecessary to determine whether the fourteen-day limitation of G. L. c. 257, § 2, must be applied to the instant case. Cf. *Commonwealth* v. *Bartlett*, 374 Mass. 744, 748-749 (1978) ("A court will ordinarily 'not pass upon a constitutional question although properly presented by the record, if there is also present some other ground upon which the case may be disposed of. . . .' *Ashwander* v. *Tennessee Valley Auth.*, 297 U.S. 288, 347 . . . [1936] [Brandeis, J., concurring]").

Askew asserts in his second argument that the Commonwealth failed to make out a prima facie case for forfeiture under G. L. c. 94C, § 47 (*a*) (3), (*c*) (3).[3] Viewing the evi-

---

[3] Massachusetts Rule of Civil Procedure 52 (a), 365 Mass. 816 (1974), requires that "[i]n all actions tried upon the facts without a jury, the court shall find the facts specially and state separately its conclusions of law thereon, and judgment shall be entered pursuant to Rule 58." See also G. L. c. 94C, § 47 (*d*) ("At such [forfeiture] hearing the court shall hear evidence and make findings of fact and enter conclusions of law, and shall thereupon issue a final order . . ."). The judge in this case failed to make the required findings of fact, and did not state his conclusions of law. We do not believe, however, that it is necessary in the particular circumstances of this case to remand for findings. All the facts were presented in the brief uncontradicted testimony of Detective Frost. We assume that the judgment imports a finding of every fact essential to support it, *Starr* v. *Board of Health of Clinton*, 356 Mass. 426, 431 (1969) (decided prior to adoption of rule 52), and we adhere to the principle that the implied findings will not be reversed unless plainly wrong, *Colbert* v. *Hennessey*, 351

dence in the light most favorable to the Commonwealth, cf., e.g., *Fialkow* v. *DeVoe Motors, Inc.,* 359 Mass. 569, 573 (1971); *Adams* v. *Herbert,* 345 Mass. 588, 589 (1963), we agree that the evidence could not support a forfeiture order under the controlling statutory terms.

The provisions of § 47 *(a)* (3), *(c)* (3), quoted above, require that the conveyance in question has been used, or has been intended for use, in the "business" of "manufacturing, dispensing or distributing" controlled substances.[4] It thus clearly appears that the mere personal possession of a controlled substance by one traveling in a vehicle would not constitute sufficient grounds under the statute for the forfeiture of the vehicle. We can find no support in the testimony of the sole witness, Detective Frost, for the proposition that the automobile was in any way involved in the manufacture, dispensing or distribution of controlled substances.[5]

---

Mass. 131, 134 (1966) (same). See Mass. R. Civ. P. 52 (a), *supra* ("clearly erroneous"). See also 5A Moore's Federal Practice par. 52.06[2] (2d ed. 1977 & 1977-1978 Cum. Supp.), and cases cited (failure to make findings under rule 52 may be waived where error is not substantial in the particular case); *S & R Realty Corp.* v. *Marron,* 5 Mass. App. Ct. 800 (1977). The failure of Askew to request findings is of no present consequence: "Requests for findings are not necessary for purposes of review." Mass. R. Civ. P. 52 (a), *supra.*

Askew's contention that the Commonwealth had failed to produce sufficient evidence to support a prima facie case for forfeiture was clearly and forcefully presented to the judge in Askew's motion for a new trial pursuant to Mass. R. Civ. P. 59, 365 Mass. 827 (1974). The judge denied the motion without findings. The procedure contemplated by rule 52 (b) was therefore substantially satisfied. Rule 52 (b) provides that "[u]pon motion of a party made not later than 10 days after entry of judgment the court may amend its findings or make additional findings and may amend the judgment accordingly. The motion may be made with a motion for a new trial pursuant to Rule 59. When findings of fact are made in actions tried by the court without a jury, the question of the sufficiency of the evidence to support the findings may thereafter be raised whether or not the party raising the question has made in the trial court an objection to such findings or has made a motion to amend them or a motion for judgment."

[4] The statutory definitions of the words "manufacture," "dispense," and "distribute" are found in G. L. c. 94C, § 1.

[5] We note that the record indicates that both Askew and Harrison were convicted of mere possession of controlled substances under a charge of possession with intent to distribute. Compare G. L. c. 94C, §§ 32 and 34.

Evidence that relatively small quantities of heroin were found on the person of a passenger in the automobile and in the bedroom of the automobile's owner[6] could support several equally likely propositions — one of which would be that Harrison and Askew had, on some prior occasion, purchased the quantities of heroin for their personal use.[7] Nor does the quantity or packaging of the heroin found in Harrison's possession or in Askew's bedroom inherently suggest a business operation rather than possession for personal use. Cf. *Commonwealth* v. *Ellis*, 356 Mass. 574, 578-579 (1970) (fifty-six glassine bags of heroin, empty sheets of glassine bags, equipment for processing heroin, and other facts and circumstances warranted findings of intent to sell).

We are left with the firm conviction that the evidence adduced at trial is insufficient, as matter of law, to support the conclusion required by § 47 (a) (3) of the statute — that the automobile was "used, or . . . intended for use . . . to facilitate the manufacture, dispensing or distribution," of heroin or other controlled substances. Only pure conjecture supports such a conclusion both with regard to the episode involving Harrison and the episode involving "Zappo." See note 7, *supra*. The Commonwealth's prima facia case having fallen short of the "three or more different dates" provision of § 47 (c) (3), as well as of common law notions of a prima facie case, see, e.g., *DeFilippo's Case*, 284 Mass. 531, 534 (1933); *Hanna* v. *Shaw*, 244 Mass. 57, 60 (1923); see also *Commonwealth* v. *Pauley*, 368 Mass. 286, 290-291 (1975); W.B. Leach & P.J. Liacos, Massachusetts Evidence

---

[6] Detective Frost testified that the quantity of heroin found on Harrison was worth $50 to $100, and that the heroin found in Askew's bedroom was of approximately the same quantity and value. Both quantities of heroin were packaged in bulk.

[7] There was additional testimony by Detective Frost to the effect that Askew had been observed on a previous night driving in the car to a meeting with a person identified as "Zappo," described by Frost as a "known drug trafficker." No drugs were observed, and no attempt was made to establish the reason for the meeting. We do not think that this testimony adds significantly to the evidence of involvement in the manufacture, dispensing or distribution of controlled substances.

52-62 (4th ed. 1967), we conclude that the judge was clearly in error in ordering forfeiture of Askew's automobile. See *New England Canteen Serv., Inc.* v. *Ashley*, 372 Mass. 671, 674 (1977) ("clearly erroneous" standard). We therefore reverse the judgment of the Superior Court and remand for further proceedings consistent with this opinion.[8]

*So ordered.*

────────

[8] General Laws c. 94C, § 47 (*d*), provides that evidence in a forfeiture hearing under § 47 be heard before a judge, rather than a jury. The proceeding is to be deemed a "civil suit in equity." *Id.* The parties in the instant case have not addressed the issue whether the owner of property subject to forfeiture may be entitled to a jury trial. Because of the lack of argument, and because resolution of the question is not necessary under our disposition of the case, we do not reach the issue. But see *Commonwealth* v. *United Food Corp.*, 374 Mass. 765, 781 n.11 (1978).