JOHN M. KENNEY & another vs. FREDERICK W. RUST, III, trustee, & another.

Suffolk. December 7, 1983. — April 5, 1984.

Present: GRANT, DREBEN, & WARNER, JJ.

*Practice, Civil,* Default, Judicial discretion, Relief from judgment, Findings by judge. *Evidence,* Value. *Value.*

No abuse of discretion appeared in a judge's denying a motion to vacate default judgments entered against defendants pursuant to Mass.R.Civ. P. 33(a) for failing to respond to the plaintiffs' interrogatories, where the defendants' motion, which was unsubstantiated by affidavit, showed no good cause for relieving them of their default. [702-704]

In the circumstances of an action by tenants against their landlord and a management company to recover damages for property destroyed in a fire, the judge did not err in admitting testimony by the tenants as to the value of the property. [704]

Although findings of fact as to damages, in accordance with Mass.R.Civ. P. 52(a), are ordinarily required in default proceedings under Mass. R.Civ.P. 55(b), the absence of findings by the judge who heard such a proceeding did not preclude this court from reviewing the judge's determination of the value of property destroyed in a fire and concluding that his determination was not clearly erroneous, where the transcript indicated that the judge used the correct measure of damages in valuing the destroyed property, that testimony as to the property destroyed and its cost was uncontested, and that the judge's informed opinion and best estimate of damages were sufficiently reflected in his award. [704-706]

CIVIL ACTION commenced in the Superior Court Department on February 19, 1981.

A motion to vacate judgments of default was heard by *Abrams,* J., and a proceeding for the assessment of damages was heard by *Mulligan,* J.

*John O. Mirick* (*Michael R. Makynen* with him) for the defendants.

*Saul A. Schapiro* for the plaintiffs.

DREBEN, J. Four tenants brought an action to recover damages against their landlord and his managing agent[1] resulting from a fire in their apartments. The complaint alleged negligence in maintaining the building's heating system. Interrogatories were filed by both the plaintiffs and the defendants, but the latter ignored the discovery requests of the plaintiffs and were defaulted pursuant to Mass.R.Civ.P. 33(a), as appearing in 368 Mass. 906 (1976). A motion to vacate the defaults was denied. After a hearing on damages pursuant to Mass.R.Civ.P. 55(b)(2), 365 Mass. 822 (1974), a judge in the Superior Court, without making findings, awarded damages of $18,500 to the plaintiff Kenney and $9,500 to the plaintiff Cynthia Bolduc, and judgments entered for the plaintiffs.[2] The defendants appeal, claiming that the judge's failure to vacate the defaults was an abuse of discretion, that he erred in relying on the plaintiffs' unsupported testimony as to the value of the personal property destroyed, and that he also erred in failing to make findings. We affirm.

A brief chronology of the pleadings and other filings puts the defendants' lack of diligence with respect to the plaintiffs', as opposed to their own, interrogatories in focus. The complaint was filed on February 19, 1981. Answers were filed by the defendants on March 11, 1981, admitting that there was a steam leak and a fire but denying that the steam leak caused the fire. On the same day that the defendants filed their answers, they served all four plaintiffs with a set of interrogatories, and, a few days later, with requests for production of documents. Fifteen days after the plaintiffs had complied with all the defendants' previous discovery requests, the defendants, on May 26, 1981, served a second set of interrogatories on the plaintiffs. These were also duly answered.[3]

---

[1] Longfellow Management Co.

[2] Although there were originally four plaintiffs for whom judgments entered, the parties stipulated that the defendants' appeals from two of the judgments were to be dismissed with prejudice, but that the dismissals were not to affect the appeals from the judgments in favor of Kenney and Bolduc.

[3] The plaintiffs had, by motions assented to by the defendants, sought enlargements of time for filing their answers to each set of interrogatories.

On July 10, 1981, the plaintiffs served interrogatories on the defendants, and, on July 28, made a request for production of documents. Despite the requirement of Mass.R.Civ.P. 33(a) that interrogatories be answered within forty-five days after service, the defendants failed to file either answers or objections, and also failed, as appears from the uncontroverted affidavit of plaintiffs' counsel, to request additional time within which to answer.

On April 5, 1982, almost nine months after serving the interrogatories, the plaintiffs, under Mass.R.Civ.P. 33(a), specified the defendants' failure to answer[4] and requested that final judgment for relief enter. Written notice of the plaintiffs' application was sent the next day to the defendants by a clerk of the Superior Court. The notice stated in part: "final judgment for relief as appropriate will be entered unless such answers be filed either within thirty (30) days from the date of this notice or prior to the filing of a reapplication for final judgment for relief whichever is later." Still no response from the defendants. On May 17, 1982, the plaintiffs reapplied for entry of judgment and, in accordance with rule 33(a), on May 28,

---

[4] Massachusetts Rule of Civil Procedure 33(a) provides in relevant part: "The interrogating party may move for an order under Rule 37(a) with respect to any objection to or other failure to answer an interrogatory. Alternatively, for failure to file timely answers to interrogatories (or further answers, as the case may be), the interrogating party may file a written application, serving a copy thereof in accordance with Rule 5(a), specifying the failure and requesting that final judgment be entered for relief or dismissal (as appropriate). Upon filing of such application, the clerk shall notify all parties that final judgment for relief or dismissal will be entered unless the answers be filed either within 30 days from the date of the notice or prior to the filing of a reapplication for a final judgment for relief or dismissal, whichever is later.

"At the expiration of 30 days from the date of the notice, or such further time as the parties may agree upon in writing filed in court or the court may allow, the interrogating party may reapply in writing for entry of final judgment for relief or dismissal. If no answers are then on file the clerk *shall* enter an appropriate judgment, subject to the provisions of Rules 54(b), 54(c), 55(b)(1), 55(b)(2) (final sentence), 55(b)(4) and 55(c)" (emphasis supplied).

1982, "judgments"[5] entered for the plaintiffs against the defendants on liability.

1. Since rule 33(a) specifically provides that if no answers "are then on file the clerk shall enter an appropriate judgment," the defendants can claim no error up to this point. They rest, as they must, on a claim that the trial judge abused his discretion in refusing to grant their motion, filed on June 9, 1982, to vacate the defaults. While the defendants argue that they moved to vacate for "good cause shown" citing Mass.R.Civ.P. 55(c), 365 Mass. 823 (1974),[6] their showing to the motion judge was not only unpersuasive, but, in light of the plaintiffs' counsel's uncontroverted affidavit, appears to have been disingenuous.

The motion to vacate was unsubstantiated by affidavit[7] and asserts that the "defendants delayed in filing answers to the interrogatories because they were concentrating on the repairs and renovations to the building, and because they were attempting to settle the case." Absent some affidavit explaining why the officers of a realty trust and a real estate management firm had no time to answer the plaintiffs' interrogatories but were able to propound two sets of their own, there was no reason for the motion judge to pay heed to this excuse. Indeed, the defendants do not mention this ground in their brief on appeal.

The second claim made to the motion judge, that is, that the parties were engaged in settlement talks, must be looked at in conjunction with the affidavit of plaintiffs' counsel. The defendants' motion to vacate states that, after the building was ready for occupancy, the defendants in a letter suggested settlement. The motion does not give the proposed terms of settlement or indicate the date of this letter but includes merely the following concluding paragraph of their letter:

---

[5] Although the parties and Mass.R.Civ.P. 33(a) speak of "judgment," there is of course a distinction between the entry of a default and a default judgment. See note 6, *infra*.

[6] Massachusetts Rule of Civil Procedure 55(c) provides: "For good cause shown the court may set aside an entry of default and, if a judgment has been entered, may likewise set it aside in accordance with Rule 60(b)."

[7] See Rule 9 of the Superior Court (1974).

"If we can put together a settlement along these lines, please let me know. If we cannot put together such a settlement, then I will roll up my sleeve and finally get you answers to those interrogatories. I look forward to hearing from you."

The defendants' motion goes on to state: "Counsel for the plaintiffs never responded to the letter. Instead, counsel for the plaintiffs apparently filed a reapplication for default judgment, which was entered on May 28, 1982." In the next succeeding paragraph the defendants claim it is not "just or equitable" to enter judgment during negotiations.

The uncontroverted affidavit of the plaintiffs' counsel states that at no time did he receive a request for additional time to respond to interrogatories, that there was no response to the April 6, 1982, court notice, that on May 17, 1982, not having heard from the defendants' counsel requesting additional time, he reapplied for the default judgment, and that, only on May 28, 1982, the day the defaults entered, did he receive a letter from the defendants indicating that they would be prepared to settle the matter for $3,000 for all four plaintiffs. "Prior to receiving the letter on May 28, 1982, [counsel for the plaintiffs] had never been approached by the attorney for the defendants to settle this matter."

Even if we were to ignore the lack of candor in the defendants' motion, a clear ground in itself for denying discretionary relief, we would find here no abuse of discretion by the motion judge in refusing to vacate the defaults. While a default is an extreme sanction, *Henshaw* v. *Travelers Ins. Co.*, 377 Mass. 910, 911 (1979); *Ticchi* v. *Ambassador Cab, Inc.*, 11 Mass. App. Ct. 912 (1981), a party cannot flout the requirements of rule 33(a) and assume that, because the default sanction is reluctantly imposed, he may ignore with impunity the forty-five day deadline for answering interrogatories, the application for final judgment for relief, and the notice of the court that on reapplication such judgment will enter unless the answers be filed. The rule is explicit that such a disregard of the proper pro-

cedures "shall" result in a default, and Mass.R.Civ.P. 55(c) requires that "good cause" be shown before a party may be relieved of the default.

The defendants have not made such a showing, and we conclude that the judge was well within his discretion in not vacating the defaults. This is particularly true in a case such as this, where a trial on the merits requires adequate discovery and where, even at the time of the motion to vacate the default, the defendants still had failed to comply with the discovery order. Evidence as to the cause of the fire and the defendants' actions in maintaining the heating system prior to the renovation of the building was essential to the plaintiffs' case. See *Litton Bus. Tel. Syss., Inc.* v. *Schwartz*, 13 Mass. App. Ct. 113, 117 (1982).

2. There was no error in the admission of testimony of the plaintiffs as to the value of the destroyed property. The admission of such opinion evidence by nonexperts is a matter within the discretion of the trial judge if a proper foundation is laid. Liacos, Massachusetts Evidence 119 (5th ed. 1981). "The market value of land or chattels may usually be given by their owners not because they are the owners but because, due to their ownership and possession, they have acquired such familiarity with the subject as to enable them to give an intelligent estimate of their value. Whether they are so qualified is a preliminary question for the decision of the trial judge." *Willey* v. *Cafrella*, 336 Mass. 623 (1958). See also *Menici* v. *Orton Crane & Shovel Co.*, 285 Mass. 499, 503-505 (1934). Contrast *Turner* v. *Leonard, Inc., post* 909 (1983).

3. The judge made no findings as to damages. While rule 55(b)(2), set forth in the margin,[8] does not explicitly state whether Mass.R.Civ.P. 52(a), 365 Mass. 816 (1974), is

---

[8] The relevant portion of Mass.R.Civ.P. 55(b)(2) states: "If, in order to enable the court to enter judgment or to carry it into effect, it is necessary to take an account or to determine the amount of damages or to establish the truth of an averment by evidence or to make an investigation of any other matter, the court may conduct such hearings or order such references as it deems necessary and proper and shall accord a right of trial by jury to the parties when and as required by statute."

here applicable, Federal cases construing the identical language of Fed.R.Civ.P. 55(b)(2) require the judge to make findings as to damages in accordance with Fed.R.Civ.P. 52(a). *Foxtrap, Inc.* v. *Foxtrap, Inc.*, 671 F.2d 636, 639 n.1 (D.C. Cir. 1982). See *Brown* v. *Kenron Aluminum & Glass Corp.*, 477 F.2d 526, 531 (8th Cir. 1973); *In re Uranium Antitrust Litigation*, 473 F. Supp. 382, 391 (N.D. Ill. 1979), rev'd on other grounds, 617 F.2d 1248 (7th Cir. 1980); 5A Moore's Federal Practice par. 52.03[3] (2d ed. 1982 & 1983-1984 Cum. Supp. which states: "Rule 52[a] does not require findings of fact to be made for default judgments, except as to damages.").

We see here no "compelling reason" to deviate from the judicial constructions of the Federal rule in construing our State rule. *Attorney Gen.* v. *Brockton Agricultural Soc.*, 390 Mass. 431, 434 n.3 (1983). *Rollins Environmental Servs., Inc.* v. *Superior Court*, 368 Mass. 174, 179-180 (1975). To the contrary, we think the purpose of findings[9] applies with equal force to hearings on damages under Mass.R.Civ.P. 55(b) and that findings in such proceedings are ordinarily required.

We do not, however, require a remand for findings in this particular case. The transcript indicates that the trial judge used the correct measure of damages, namely, fair market value of the goods destroyed. The testimony as to the items destroyed and their costs was not contested and, of necessity, a reduction to fair market value required an estimate by the judge based on the age of the items. Where the value of common articles of clothing and household furnishings is at issue, "it is proper for the fact finding tribunal, whether judge or jury, to have recourse to his or their own knowledge and experience in considering the evidence and determining the value of the property." *Richmond* v. *Richmond*, 340 Mass. 367, 369 (1960). *Robbins* v. *Robbins*, 16 Mass. App. Ct. 576, 579 (1983). In valuing Bolduc's art portfolio, the judge could properly take

[9] *Cormier* v. *Carty*, 381 Mass. 234, 236 (1980), points out that findings serve to: "(1) insure the quality of a judge's decision making process by requiring simultaneous articulation of the judge's underlying reasoning; (2) assure the parties that their claims have been fully and fairly considered; and (3) inform an appellate court of the basis on which a decision has been reached."

into account as one factor the time spent by Bolduc in preparing the portfolio. Exactitude in determining the value of the portfolio and the depreciated value of the clothing and other household articles was neither feasible nor required. See *Carlo Bianchi & Co.* v. *Builder's Equip. & Supplies Co.*, 347 Mass. 636, 646 (1964); *McKenna* v. *Begin*, 5 Mass. App. Ct. 304, 311 (1977). Although more specific findings of fact upon these issues would have been helpful, the judge's informed opinion and best estimate of the damages are, we think, sufficiently reflected in his award; there was no controversy as to which items were destroyed. See *Ginsberg* v. *Royal Ins. Co.*, 179 F.2d 152, 153 (5th Cir. 1950).

The standard to be applied by an appellate court in determining whether the value placed by the trial judge on the destroyed items is "clearly erroneous" is likewise "not one of exact or mechanical precision." *Markell* v. *Sidney B. Pfeifer Foundation, Inc.*, 9 Mass. App. Ct. 412, 417 (1980). "It involves a measure of judgment or discretion" by appellate courts, *id.* at 417, and we are here persuaded, after reviewing the evidence, that the absence of findings does not preclude proper review and that the determination of value by the judge was not clearly erroneous. See *Commonwealth* v. *One 1969 Mercedes-Benz Auto.*, 375 Mass. 663, 666 n.3 (1978); *Ginsberg* v. *Royal Ins. Co.*, 179 F.2d at 153; 5A Moore's Federal Practice par. 52.06[2] (2d ed. 1982 & 1983-1984 Cum. Supp.).

*Judgments affirmed.*