Dortch, J.
This is an action of contract and tort in which the plaintiff seeks to recover $13,500 for the loss of and damage to certain of her personal property placed forstorage in the defendant’s warehouse on August 31,1979. The amended complaint is in two counts. The first count alleges that the defendant breached a contract of bailment with the plaintiff. The second count alleges that the plaintiffs losses were the result of negligence on the part of the defendant. The defendant in its answer denied that a contract of bailment existed and further denied that it was negligent. The court found for the plaintiff on both counts and awarded damages in the amount of $9,265. The pertinent reported evidence may be summarized as follows:
In August 1979, the plaintiff arranged for the defendant to move her household belongings from her Boston apartment to defendant’s warehouse. The plaintiff paid $170 to defendant for the move and a total of $150 for five months storage. In January 1980, the plaintiff went to defendant’s warehouse and discovered that some of her belongings were damaged or missing. She did not arrange for the removal of her property at that time. However, in September of 1980 her belongings were delivered to her in Vermont by the defendant. On delivery, the plaintiff claimed that some items were missing and others were damaged.
Included among the missing items was valuable jewelry. The plaintiff had placed this jewelry in a small box, approximately 5"x7" in size. That box was placed inside another box which was packed into a moving box. At no time did she inform or disclose to anyone that there was expensive jewelry in this box, nor was the box labeled in any way to indicate its true content.
On direct examination, the plaintiff was asked several times to give her opinion as to the value of certain of the items she had placed in storage. Prior to giving her opinion of the value of the lost jewelry, the plaintiff testified that she had purchased none of the jewelry but had received all of it as gifts. She testified that there were two gold charm bracelets, one containing twelve or thirteen charms and one having eight charms. She stated that the “bracelet and charms were 14 carat gold, that she had seen similar bracelets the year before trial in a jewelry store selling for about $400. She had looked at charms, but could not find any the same as those on her bracelet. She valued the *55 charms at between $30 and $65 per charm. She further testified that included among the jewelry was a pair of pearl earrings with her initials in gold, which she valued at $350 and that she had another pair of earrings she said were valued at $100.” A string of pearls was also included among the missing pieces of jewelry. The plaintiff stated that her sister had a string of pearls appraised for $1,350 which were similar to those the plaintiff claims to have lost. There was no testimony as to how or in what manner the strings of pearls were similar, nor was there testimony as to when, how or by whom the appraisal was done.
The plaintiff testified as to the value of several other items which she had put into storage and which were missing. The defendant objected to each opinion of value, and seasonably claimed a report. The plaintiff also testified as to a television set which she valued at $800, a sewing machine she valued at between $150 and $200, several boxes of crystal valued at $900, a wooden lamp valued at $200, four dining room chairs which she valued at between $600 and $800, and other lost items which she was able to describe and for which she was able to provide purchase prices.
At the close of all the evidence, the defendant moved to dismiss the complaint based on the failure of the plaintiff to prove the defendant’s corporate existence. In opposition to this motion the plaintiff argued that certain writings in evidence were sufficient proof of defendant’s corporate existence. The motion was denied and the defendant filed timely requests for rulings of law.
The defendant claims to be aggrieved by (1) the admission in evidence of the plaintiffs opinion of the property lost, (2) the denial of its motion to dismiss, and (3) the trial court’s rulings on certain requests for rulings of law.
For the purposes of this decision, the issues may be treated in two phases, the property which the defendant accepted with knowledge of their existence and the property which was in its possession of which it had no knowledge or notice. We shall treat the latter first.
The evidence is uncontroverted that the items of jewelry were concealed in an unmarked box which was further concealed so that the defendant was not, nor could be, charged with knowledge of the existence and value of the property. As a result, he cannot be held liable as a bailee thereof. Stuart v. D.N. Kelly & Son, Inc., 331 Mass. 76 (1954); Clark v. Checker Taxi Co., 330 Mass. 20 (1953). The defendant’s requests for rulings relating to this issue should have been allowed.
As to the remaining property, both lost and damaged, the court agrees that a bailment of these did exist. The goods were voluntarily and knowingly accepted by the defendant. However, the issue which the defendant raises questions the basis upon which the court allowed the plaintiff to express an opinion as to value.
The report has attached to it, in question and answer form, the questions asked of the plaintiff prior to expressing an opinion as to value on each piece of property involved. Nowhere does any information appear having any basis beyond ownership upon which the plaintiff could express an opinion which would be admissible. The questions start with “Do you have an opinion . . and an objection which was overruled. Although the report refers to preliminary questions put to the plaintiff prior to this questioning, there is'no indication that a foundation was laid sufficient to establish that, the plaintiff had the requisite knowledge and experience with the property to render an opinion of value. Indeed, there was evidence to the contrary. The plaintiff *56 testified that she paid $700 for a television set purchased in 1975. Over Objection she gave it a value of $800. In another instance she assigned a value of $150 to $200 to a sewing machine received as a gift upon graduation from high school in 1966. No other basis was given for this opinion. Much the same procedure was followed in regard to the other items. The evidence was lacking in similar fashion to allow the plaintiff to express her opinion of damage to various items.
The owner of goods is allowed to testify as to the value of his property as a general rule. However, it is allowed with certain limitations. Shattuck v. Stoneham Branch Railroad, 88 Mass. 115 (1863). The owner is required to have particular facts which are ordinarily not available to others. There must be evidence that the owner is actually familiar with the property, its characteristics, its uses, and has experience in buying or selling or actually dealing with the property. It is this familiarity, knowledge and experience which qualify an owner to give an opinion of value. Menici v. Orton Crane and Shovel Co., 285 Mass. 499. (1934).
The mere fact of ownership is insufficient to allow evidence of value. The owner must have such knowledge of the property as to enable him to give an intelligent estimate of fair market value. Kenny v. Rust, 17 Mass. App. Ct. 699, 704 (1984).
In view of the fact that the court’s opinion is dispositive of the case, the other objections raised by the defendant shall not be answered herein.
Decision of the trial court is reversed and judgment shall be entered for the defendant.