Gershengorn, J.
This is a premises liability action brought by the plaintiff, David Flood, arising out of a stabbing incident that occurred in front of a Wakefield 7-Eleven convenience store. The plaintiff now moves to default the defendant, Southland Corporation, alleging that he has suffered prejudice by the loss of seven original police photographs from the court file which are allegedly the only evidence of the physical condition of the scene (the alcove) on the night of the incident. The plaintiff also alleges that the defendant failed to seasonably commence a search for the original photographs the defendant knew to be missing, made misrepresentations to the court and violated an order of the court. For the following reasons, the plaintiffs motion to default is denied.
BACKGROUND
The following facts are not in dispute. On August 31, 1979, David Flood (“Flood”) was stabbed on the premises of 7-Eleven by John Darcy (“Darcy”). As a result of this incident, Flood sued Darcy and the owner of 7-Eleven, Southland Corporation (“Southland”). This case was tried to a jury in October of 1989. The jury returned a verdict in favor of Flood. Appeals in the Appeals Court and Supreme Judicial Court followed. Both appellate courts vacated the judgment and remanded the case to the Superior Court for a new trial on the issue of liability only.
Subsequent to the first trial, the defendant filed an assented-to motion to release the exhibits from the first trial. On April 23, 1991, after this court allowed the motion, the clerk of this court released the exhibits to defendant’s counsel, Joseph Hearst (“Hearst”) of Bums & Levinson. On May 7, 1991, Hearst sent the exhibits to Bateman & Slade, defense counsel’s printer. It appears that Mr. Hearst sent xerox copies of exhibit 9A-G rather than the original photographs. Bateman & Slade returned the exhibits to Hearst on June 27, 1991 and the exhibits remained at Burns & Levinson.
Shortly before the new trial was about to begin (approximately April 25, 1994), Ann Donovan (“Donovan”), an associate at Burns & Levinson informed plaintiffs counsel, Swartz & Swartz, that she was unable to locate any of the original exhibits. On Sunday, May 1, 1994, the exhibits were discovered in the General Trial Department Room at Burns & Levinson. Burns & Levinson attempted to call the clerk of this court on that same day to inform him of the discovery. No one from Burns & Levinson notified plaintiffs counsel that all the exhibits had apparently been found. Indeed Burns & Levinson first notified plaintiffs counsel on the following day, May 2, 1994 when Burns & Levinson reported to this court, ready for trial and then only after Mr. Swartz informed the court that all the exhibits in the case were missing. After plaintiffs counsel had an opportunity to examine the newly discovered exhibits, they determined that certain original exhibits, namely exhibits 9A-G, were still missing. As a result of the missing photographs, plaintiffs counsel filed a motion to default the defendant. That motion is presently before this court.
DISCUSSION
The plaintiff contends that the defendant’s spoliation of the photographs has caused him such severe prejudice that the only appropriate remedy is for this court to enter a default judgment against the defendant. The defendant argues that the plaintiff has not been prejudiced because the alcove which the missing photographs depicted is the same today as it was on the night of the incident. Moreover, defendant asserts that the “photographic reproductions” available to the plaintiff today provide adequate substitutions for the originals. Finally, the defendant argues that even if plaintiff has been prejudiced, default is a severe sanction which the court should not impose absent a less drastic alternative. The defendant points to several less drastic alternatives including: taking the jury to view the Wakefield 7-Eleven at the defendant’s expense, using other photographic reproductions of xeroxed pictures of the alcove, using new photographs of the alcove taken from the same angles as the originals, Southland’s stipulating to appropriate details that the pictures show about the alcove and the stabbing scene and/or using other photographs of the store and alcove that were not lost.
Default is an extreme sanction. Kenney v. Rust, 17 Mass.App.Ct. 699 (1984). Rule 37(b) of the Massachusetts Rules of Civil Procedure provides that if a party “fails to obey an order to provide or permit discovery . . . the court. . . may make such orders in regard to the failure as are just, and among others the following . . . (C) An order . . . rendering a judgment by default against the disobedient party . . .” Id. “Entiy ... of default judgments has to do with the management of the case and, as such, is committed to the sound discretion of the trial judge.” Greenleaf v. Massachusetts Bay Transportation Authority, 22 Mass.App.Ct. *324 426, 429 (1986) (citations omitted). There is no abuse of discretion in the trial judge’s entry of a default judgment unless the decision can be “characterized by arbitrary determination, capricious disposition, whimsical thinking, or idiosyncratic choice.” Id.
Although the instant action is not a typical discovery dispute, the circumstances are similar in that the plaintiff is accusing the defendant of destroying or losing evidence instead of withholding it. In a situation, where evidence has been lost or destroyed due to the fault of the defendant to the prejudice of the plaintiff, the court may impose sanctions including default. See Nally v. Volkswagen of America, 405 Mass. 191 (1989); Headley v. Chrysler Motors Corp., 141 F.R.D. 362 (D.Mass. 1991); Wm. T. Thompson Co. v. General Nutrition Corp., 593 F.Supp. 1443 (C.D. Cal. 1984); Carlucci v. Piper Aircraft Corporation, 102 F.R.D. 472, 485-88 (S.D. Fla. 1984), aff'd, 775 F.2d 1440 (1985).
In the instant action, there is no evidence to suggest that the defendant destroyed Exhibits 9A-G. There is no question that these exhibits existed at the first trial and have since been lost; however, there is no way for this court to determine when, where or how these exhibits were lost. Without evidence to support plaintiffs allegation, this court can make no finding of fault regarding the defendant’s actions. Moreover, there is no evidence to support plaintiffs allegation that it has been prejudiced. The plaintiff has failed to come forward with evidence demonstrating that the alcove depicted in Exhibits 9A-G is different from the alcove that exists today. Furthermore, the defendant has reproduced photographs from xerox copies of the original photographs which, perhaps lacking some clarity, provide the plaintiff with an adequate substitute. Given the present condition of the alcove and the availability of the reproductions, this court does not find that the plaintiff suffered prejudice by the loss of Exhibits 9A-G.
By denying plaintiffs motion to default, this court is in no way condoning the conduct of Burns & Levinson relating to the missing exhibits. First, if Mr. Hearst was aware that the original exhibits (9A-G) were missing from the court file back in April 1991 itwould have been better practice for him to alert opposing counsel to the potential problem. If all counsel had focused on the problem at that time, it is quite possible that the exhibits could have been found, thus avoiding this further litigation.
Secondly, a few days before trial Donovan informed Swartz that she was unable to locate any of the original exhibits. On Sunday, May 1, 1994, the exhibits were discovered in the General Trial Department Room at Burns & Levinson. Mr. Burns attempted to call the clerk of this court on that same day to inform him of the discovery. The failure of Mr. Bums to inform opposing counsel of the discovery demonstrates a lack of courtesy which disappoints the court. Mr. Burns argues that his conduct is in response to similar conduct visited upon him by opposing counsel at an earlier date. This Court has not witnessed any such behavior by opposing counsel. In any event, there is really no excuse for counsel’s action in this case. Such conduct demeans counsel and damages the integrity of the court. As a senior respected member of the bar, Mr. Burns knows better.
ORDER
For the foregoing reasons, it is hereby ORDERED that the plaintiffs motion to default the defendant is DENIED. However, at the new trial, the plaintiff may take the jury to view the Wakefield 7-Eleven convenience store at the defendant’s expense, use photographic reproductions of xerox pictures of the alcove and/or use new photographs of the alcove taken from the same angles as the originals at the defendant’s expense.