Gordon, Robert B., J.
Having now reviewed the parties’ submissions in this matter, and following a hearing held on February 1, 2016, the Court is of the view that the Defendant has demonstrated her entitlement to a dismissal of the action and final judgment in accordance with the plain terms of Mass.RCiv.P. 33. The Defendant’s Application for Dismissal and Final Judgment is, therefore, ALLOWED.
BACKGROUND
This case involves claims for legal malpractice that the Plaintiff has brought against the Defendant, a lawyer who represented him in post-divorce proceedings against his former spouse. The Plaintiff is himself a former licensed attorney, having been admitted to practice in the Commonwealth in 1985. Although now retired from the Massachusetts bar, Plaintiff continues to represent himself pro se in this and a variety of other malpractice and related matters in the courts.
On May 27,2015, the Defendant served Plaintiff with her First Set of Interrogatories (the “Interrogatories”). The Interrogatories so propounded were just 17 in number and, based on the Court’s review, entirely unexceptional in the liability and damages-related information sought therein. At no time thereafter, including to the present day, did the Plaintiff ever suggest to either the Court or opposing counsel that the Interrogatories were overreaching or otherwise unfairly burdensome.
On June 2, 2015, the Plaintiff requested a 45-day extension of his time to respond to the Interrogatories. In support of this request, the Plaintiff cited the fact that he would be otherwise occupied as a pro se litigant in a multi-day trial commencing in mid-August 2015. The Defendant assented to this request; and the parties memorialized their understanding by email exchange in which they agreed that the Plaintiffs Answers to Interrogatories would be due on August 25, 2015.
The Plaintiff failed to produce the promised written discovery by the August 25 deadline. During the intervening extension period, however, the Plaintiff served his own Request for Admissions as well as a separate Motion to Amend the Complaint.
On September 12, 2015, counsel for the Defendant reminded the Plaintiff in writing that his Answers to Interrogatories were now substantially overdue and remained outstanding. At the same time, defense counsel proposed mediating the case with the Plaintiff, a suggestion to which the Plaintiff does not appear to have responded. Instead, the Plaintiff waited fully ten days before transmitting a one-line email in which he stated: “Please excuse the delay in answering, answers will be ‘communicated’ as soon as possible.”
On September 24, 2015, nearly four months after the Interrogatories were originally served, the Defendant transmitted to the Plaintiff a Final Request for Answers to Interrogatories under Mass.R.Civ.P. 33 (a] (3). In that transmittal, the Defendant cautioned the Plaintiff that, unless answers and/or objections were timely received, the Defendant intended to apply for a final judgment .of dismissal in accordance with the provisions of Mass.R.Civ.P. 33(a)(4).
On September 24, 2015, the Plaintiff emailed counsel for the Defendant, acknowledging receipt of his Final Request for Answers to Interrogatories. In this email, the Plaintiff assured opposing counsel that he could “expect answers by the end of next week (October 2, 2015).” The Plaintiff, however, failed to produce answers to the Interrogatories within the promised time frame. Indeed, no answers to the Interrogatories were forthcoming at any point during the succeeding month. Accordingly, on November 4, 2015, more than 150 days following initial service of the Interrogatories, the Defendant filed and served her Rule 33(a)(4) Application for Dismissal and Final Judgment. The Plaintiff filed his Opposition to this Application on November 18, 2015, accompanying it for the first time with a draft set of unsigned Answers to Interrogatories.
DISCUSSION
Massachusetts Rule of Civil Procedure 33 provides a party who encounters an adversary’s persistent refusal to answer interrogatories with two alternate avenues of relief. See Mass.RCiv.P. 33. The aggrieved litigant may move for an order to compel answers to interrogatories under Mass.RCiv.P. 37(a). In the alternative, the litigant may pursue the remedy of automatic dismissal (in the case of a defendant) under Mass.RCiv.P. 33(a)(4). See id. Because the latter approach culminates in the more severe remedy, it entails more steps, takes more time, and affords the recalcitrant party more opportunities to *202 avoid the sanction of dismissal. This is the course that the Defendant elected to follow in the case at bar, and the Court observes that she adhered to the template of the governing rule to the letter.;
Under Mass.RCiv.P. 33(a)(3), a party has 45 days in which to serve answers or objections to interrogatories that have been propounded to him. If this 45-day deadline passes with the served party failing to answer the interrogatories, the interrogating party may serve a “final request for answers, specifying the failure.” Mass.RCiv.P. 33(a)(3). That final request for answers must state that the interrogating party “may apply for final judgment for relief or dismissal” pursuant to Mass.RCiv.P. 33(a)(4) “in the event that the answers or objections are not timely received.” Id, Under the Rule, the party that has been served the interrogatories is required to serve answers, objections, or a combination of both “within 30 days from the date of service of the final request or prior to the filing of an application for a final judgment for relief or dismissal, whichever is later.” Id,
Rule 33(a)(4) goes on to prescribe the specific procedure for seeking judgment against a litigant who has failed to serve answers to interrogatories in accordance with a final demand for same. And in evident consideration of the harshness of the remedy being sought, the Rule is quite strict about the specific content of the application that is required. Thus, the application must be accompanied by an affidavit that contains the following particularized information:
1. The date and manner in which the interrogatories were served on the parly against whom relief is sought;
2. The fact that the original 45-day time period (under Rule 33(a)(3)) for service of answers or objections has expired, and no answers have been received;
3. The date and manner in which the final request for answers was served;
4. The fact that the 40-day time period (under Rule 33(a)(4)) after service of the final request for answers has expired, and no answers or objections have been received; and
5. That the interrogating party now applies for final judgment for relief or dismissal.
See Mass.RCiv.P. 33(a)(4).
In the case at bar, there is no question but that the Defendant has met each of the exacting requirements of Rules 33(a)(3) and 33(a)(4), and that the Plaintiff has been afforded all of the opportunities to cure and other safeguards contemplated by these rules. See supra. The Plaintiff has not suggested otherwise. Instead, Plaintiff summarily argues that the law prefers that cases be adjudicated on their merits, and that he should thus be given the additional two weeks he took (without the assent of opposing counsel or leave of court) beyond the final 40-day deadline that followed service of the Defendant’s final demand for answers. The Court regards this argument as an invitation to disregard the plain language and unmistakable purposes of the Rule, an invitation it now declines.
The text of Rule 33(a) is as clear as English allows that a party who follows the procedures of this Rule and accompanies its application for final judgment with a compliant affidavit is entitled to the entry of such a judgment. Indeed, Rule 33(a)(6) states explicitly that, upon receipt of such an application, “the clerk shall enter an appropriate judgment ...” (Emphasis added.) There appears to be no role for the trial judge to interfere with the due entry of judgment in these circumstances, and the cases are legion in which courts have dismissed actions where plaintiffs failed to answer interrogatories within the time limits set by Rules 33(a)(3) and 33(a)(4). See Kenney v. Rust, 17 Mass.App.Ct. 699, 703-04 (1984) (“While default is an extreme sanction, a party cannot flout the requirements of rule 33(a) and assume that, because the default sanction is reluctantly imposed, he may ignore with impunity the forty-five day deadline . . . The rule is explicit that such a disregard ‘shall’ result in a default”) (citations omitted). See generally P. Lauriat et al., Discovery, 49 Mass. Practice §5:14, at 421 and n.9 (2008 ed. and 2014-15 Supp.) (collecting cases).[1]
As for the Plaintiffs contention that service of answers to the Interrogatories some two weeks beyond the outside deadline of Rule 33(a)(4) should be deemed sufficient to survive dismissal, the Court finds that affording him such an accommodation would do violence to the Defendant’s rights under the Rule.[2] By its terms, if an interrogating party does not receive answers or objections to interrogatories within 40 days after service of a final request for answers, or such further time as the parties may have agreed to in writing or the Court may have allowed, the interrogating party is authorized to file an application for final judgment for relief (in the case of a moving plaintiff) or dismissal (in the case of a moving defendant). See Mass.RCiv.P. 33(a)(4). Forty days is a lengthy period, to be sure, especially in the context of a non-answering litigant that has already received successive extensions of time to respond to overdue discovery. So Rule 33(a)(4) goes out of its way to make clear that a party who has experienced a holdup of this duration in the receipt of discovery to which it is entitled will not have to suffer so much as a single day’s additional delay before becoming entitled to relief. Thus, the Rule provides that the 40-day period includes the additional time allowed under Rule 6(d) when service is made by mail. Id, This means that the answering party has no more than 40 days in which to ensure that the interrogating party has received its answers and objections. Service within the 40-day window is not sufficient. See P. Lauriat et al. Discovery, supra, §5:14, at 421 (‘The answering party should be aware that service before the expiration of the 40-day period is not sufficient to avoid automatic judgment. The rule requires that the interrogating party actually receive the answers or objections within the 40-day period”). In a similar vein, Rule 33(a)(6) states expressly that “[t]he *203 pendency of a motion to extend any time hereunder, unless the motion be assented to, or heard within 30 days of filing, shall not stay the entry of any judgment.” Mass.RCiv.P. 33(a)(6). Read together, and in particular given the strictness with which time thereunder is computed [viz., no Rule 6(d) grace period, and no effect given to a motion to enlarge time unless it is filed and heard within the 30-day window for timely service of answers following receipt of a final demand for same), these provisions leave no doubt that a litigant’s service of answers to interrogatories two weeks beyond the 40-day outer deadline of Rule 33(a)(4) will not operate to spare him the consequences of such untimeliness.[3]
Even if Rule 33(a) invested the Court with situational discretion to excuse a litigant’s failure to answer interrogatories within the prescribed time limits, and the language of subsection 6 (“the clerk shall enter an appropriate judgment . . .”) would seem to belie this proposition, Plaintiff has presented no circumstances that would incline the Court to exercise such discretion. He has not argued that the Interrogatories were inordinately burdensome or beyond his capacity to answer. He has not suggested that a lapse by his lawyer, or a misunderstanding with opposing counsel, or a technical or administrative hiccup of some sort, resulted in an unintended failure to comply with the Rule. Instead, the Plaintiff cites the fact that he is pro se, and has been disabled following brain surgery, as the sole grounds for excusing his non-compliance. The Court is, respectfully, not persuaded.
Regarding the Plaintiffs pro se status, the Court notes that Mr. Barron is a practicing attorney of some 30 years’ experience, and only recently (in October 2014) retired from the Massachusetts bar. He now litigates on his own behalf with some regularity in the courts; and, indeed, Plaintiffs original reason for requesting additional time to answer the Interrogatories was the fact that he was going to be trying a multi-day case the following month. This is not the 1ype of unrepresented party deserving of special dispensations; and, even if this were not the case, it is well settled that pro se litigants are held to the same standards of practice and adherence to the rules of civil procedure that represented parties are. See Mains v. Commonwealth, 433 Mass. 30, 36 (2000) (“Despite their lack of legal training, pro se litigants are held to the same standards as practicing members of the bar”); accord Commonwealth v. Jackson, 419 Mass. 716, 719 (1995) (same). As for the Plaintiffs claimed disability, the Court observes that this impairment has not prevented Mr. Barron from initiating and continuing to litigate multiple other cases between May and November 2015. Indeed, in the matter sub judice, the Plaintiff served offensive discovery and sought leave to amend his Complaint during the very time frame in which he was disregarding his obligations to answer the Interrogatories. A bona fide disability will not allow a party to pick and choose the discovery matters he finds to be deserving of his attention. Once again, there is no cause for staying the judgment of dismissal that the Plaintiffs own dereliction has deservedly brought about.
CONCLUSION AND ORDER
For all the foregoing reasons, the Defendant’s Application for Dismissal and Final Judgment is ALLOWED. The Plaintiffs Complaint shall be DISMISSED with prejudice.

 Nhe Court is not completely without discretion to spare a litigant who has experienced a default under Rule 33(a). Rule 55(c) allows an order of default to be set aside, and Rule 60(b) authorizes relief from judgment. Importantly, however, these mies place the burden on the defaulted party to demonstrate either “good cause” under (he former rule (see Kenney v. Rust, 17 Mass.App.Ct. 699, 704 (1984), or “excusable neglect” and a meritorious position on the merits under the latter (see New England Allbankfor Savings v. Rouleau, 28 Mass.App.Ct. 135, 142-43(1989)).

 This is to say nothing of the fact that the Plaintiffs answers themselves, belatedness aside, are in many instances facially inadequate in the substantive information they provide. Plaintiff candidly acknowledged as much at oral argument, noting only that he had reserved a right to modify and supplement them in the future. The Court sees no reason to particularize these deficiencies here, and cites them only to emphasize the chronic nature of Plaintiffs disregard for the discovery rules in this case. There is, in these circumstances, no call for leniency.

 At hearing, the Plaintiff submitted a supplemental memorandum, arguing that the Defendant had failed to demonstrate prejudice arising from his untimely service of answers to the Interrogatories. Plaintiff, however, misstates the applicable law in this connection. Although lack of prejudice may be a relevant consideration in the relief-ffom-judgment cases Mr. Barron cites, it is not a Rule 33(a)(4) applicant’s burden to demonstrate prejudice as a condition precedent to securing the dismissal that the law requires in the first instance.