## GLORIA HERMANSON *vs.* MARK SZAFAROWICZ.

Worcester. February 9, 2010. - June 4, 2010.

Present: MARSHALL, C.J., IRELAND, SPINA, COWIN, CORDY, BOTSFORD, & GANTS, JJ.

*Judgment,* Default, Relief from judgment. *Practice, Civil,* Default, Entry of judgment, Damages, Complaint, Affidavit, Relief from judgment, Attorney's fees. *Rules of Civil Procedure. Rules of the Superior Court.*

In a civil action in which a default judgment, pursuant to Mass. R. Civ. P. 55 (b) (2), entered against the defendant, the defendant's claim that he was entitled to relief from the default judgment on the ground that the plaintiff was awarded damages in an amount exceeding that contained in her complaint, in violation of Mass. R. Civ. P. 54 (c), lacked merit, where, given that G. L. c. 231, § 13B, which prohibits a plaintiff from including in her complaint the "monetary amount claimed," supersedes the conflicting rule 54 (c), the plaintiff was not required to include in her complaint a request for specific damages [43-45]; further, there was no merit to the defendant's claim that the default judgment violated rule 54 (c) on the ground that the plaintiff's complaint was one for declaratory relief rather than damages [45-46].

In a civil action in which a default judgment, pursuant to Mass. R. Civ. P. 55 (b) (2), entered against the defendant, the judge did not abuse his discretion in denying the defendant's motion for relief from judgment, where the defendant failed to meet his burden by demonstrating either excusable neglect or extraordinary circumstances that would establish his entitlement to relief. [46-48]

In a civil action, a judge erred in allowing, without a hearing and without making findings of fact, the plaintiff's motion for the assessment of damages and the entry of a default judgment against the defendant, pursuant to Mass. R. Civ. P. 55 (b) (2), where, given that the affidavits accompanying the plaintiff's motion presented a number of substantial questions concerning the damages being sought for which the motion and its accompanying papers did not provide answers, some type of hearing on damages was called for (at least to the extent of an inquiry of the plaintiff's counsel concerning the basis for the damages claimed, and perhaps to hear testimony from the plaintiff herself), and where the judge was required to make findings of fact in determining damages in connection with a default judgment; therefore, remand was required. [48-51]

This court referred to the standing advisory committee on the Massachusetts Rules of Civil Procedure, for study and the recommendation of amendments to Mass. R. Civ. P. 54 (c), the issue of a conflict between the provision on damages in the first sentence of rule 54 (c) and G. L. c. 231, § 13B. [51-52]

CIVIL ACTION commenced in the Superior Court Department on May 6, 2002.

A motion to assess damages was considered by *James R. Lemire*, J.; and a motion for relief from default judgment was heard by *Bruce R. Henry*, J.

The Supreme Judicial Court on its own initiative transferred the case from the Appeals Court.

*Mel L. Greenberg* (*Darragh K. Kasakoff* with him) for the defendant.

*Howard J. Potash* for the plaintiff.

BOTSFORD, J. This case arose out of a boundary dispute between the plaintiff, Gloria Hermanson, and the defendant, Mark Szafarowicz. The issues on appeal, however, have little connection to the boundary dispute but concern a default judgment that entered against the defendant in 2007. We must address (1) whether there is a conflict between Mass. R. Civ. P. 54 (c), 365 Mass. 820 (1974), which provides that a default judgment may not exceed the amount claimed in the demand for judgment, and implicitly requires a plaintiff to state a specific amount of damages, and G. L. c. 231, § 13B (§ 13B), which prohibits a plaintiff from including in her complaint the "monetary amount claimed"; and (2) the validity of the default judgment that entered. We conclude that there is a conflict between rule 54 (c) and § 13B, indicating a need to amend the rule, and that the motion for relief from judgment, insofar as it sought to remove the default entered against the defendant, see Mass. R. Civ. P. 55 (c), 365 Mass. 822 (1974), was properly denied. We further decide, however, that the default judgment must be vacated and the case remanded for a hearing on damages.

1. *Background.*[1] The plaintiff owns a parcel of undeveloped land known as lot no. 1, Burnap Street, in Auburn. The plaintiff's lot abuts a similarly sized parcel of land, known as lot no. 2, Burnap Street, owned by the defendant. At some time in early 2002, in anticipation of building a home on his land, the defendant began to clear and prepare lot no. 2. In late February, 2002, however, the defendant ceased work on the project due

---

[1]The facts included in the background section are taken from the plaintiff's verified complaint, the affidavits filed in support of the plaintiff's motion to assess damages, and the affidavits filed in support of the defendant's motion for relief from default judgment.

to mental health issues; he was hospitalized for a number of days in March of that same year and until June was on prescription medications and unable to work.

In April, 2002, the plaintiff had her land surveyed and learned that the defendant, during his excavations, had removed trees from her parcel and had brought in fill for a driveway that was placed on her land. In response, the plaintiff commenced this action in the Superior Court, filing a "verified complaint for declaratory relief and to establish title" on May 6, 2002.

The plaintiff's complaint sought the following relief: (1) a declaration that she holds title in fee simple to her parcel; (2) an order requiring the defendant to (a) cease all excavation being done on the plaintiff's lot, and (b) restore the grade of her lot to the grade that existed before the defendant brought in fill; (3) a permanent injunction prohibiting the defendant from interfering with the plaintiff's enjoyment of her property, "including the removal of trees and installation of fill"; (4) an award of damages for the value of the trees that the defendant removed from the plaintiff's property; (5) damages "for the loss of a sale that the [p]laintiff had arranged but was not able to go through with due to the boundary dispute created by the [d]efendant"; and (6) costs and attorney's fees. She did not include in her complaint a request for a specified amount of damages, nor did she list any damage amounts on her civil action cover sheet filed pursuant to Rule 29 of the Rules of the Superior Court (2008-2009).

Service of the complaint was made on the defendant on May 25, 2002, at his last and usual address with proof of service returned on July 26, 2002. The defendant did not file an answer or other response to the complaint; in their respective affidavits, the defendant and his wife state that they have no recollection of being served with it. The docket entries indicate that neither the plaintiff nor the court undertook any action with respect to the case from May of 2002 until 2007, except for the payment by her attorney of an annual civil litigation fee in 2004 and the filing of an appearance of successor counsel by the plaintiff in 2005.

On January 29, 2007, a default entered against the defendant.[2] On March 1, an order entered dismissing the plaintiff's

---

[2]There is no record of a motion for entry of default being filed by the

complaint without prejudice for failure to comply with a court order dated January 29, 2007.[3] The defendant acknowledges receipt of notice of this dismissal from the court, but not of any notice of the default that entered against him on January 29. Later in March, the plaintiff successfully moved to vacate the judgment of dismissal, and then filed a motion for assessment of damages against the defendant. In her motion and accompanying affidavits (one of her own and an affidavit of a real estate appraiser), the plaintiff described her damages as including $50,000 for "[d]iminution of value of my property," and survey and appraisal expenses of $3,239.02, for a total of $53,239.02; the plaintiff also sought an award of attorney's fees in the amount of $4,000.

On June 29, 2007, a judge in the Superior Court (first motion judge), without holding a hearing, allowed the plaintiff's motion for assessment of damages in "the [amounts] set forth in [plaintiff's] affidavit." A default judgment pursuant to Mass. R. Civ. P. 55 (b) (2), 365 Mass. 822 (1974),[4] entered on July 6, 2007, in the amount of $53,239.02 in damages, plus $33,011.40 in statutory interest calculated from the date of the filing of the complaint in May, 2002, $4,000 in attorney's fees, and costs. The

---

plaintiff. Thus, it appears that the entry of the default was effected by the clerk pursuant to Mass. R. Civ. P. 55 (a), 365 Mass. 822 (1974) ("When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules and that fact is made to appear by affidavit or otherwise, the clerk shall enter his default").

[3]The record does not contain a copy of any order dated January 29, 2007. We assume that the order was of a procedural nature concerning actions required to be taken by the plaintiff in light of the entry of default against the defendant on that same date.

[4]At the time this complaint was filed, Mass. R. Civ. P. 55 (b) (2), 365 Mass. 822 (1974), provided in part:

> "[T]he party entitled to a judgment by default shall apply to the court therefor. . . . If the party against whom judgment by default is sought has appeared in the action, he (or, if appearing by representative, his representative) shall be served with written notice of the application for judgment at least 7 days prior to the hearing on such application. If, in order to enable the court to enter judgment or to carry it into effect, it is necessary to take an account or to determine the amount of damages or to establish the truth of any averment by evidence or to make an investigation of any other matter, the court may conduct such hearings or order such references as it deems necessary and proper and shall accord a right of trial by jury to the parties when and as required by statute."

total was $90,471.67. The court mailed a copy of the default judgment to the defendant on the same day, but the defendant states in his affidavit that he "heard nothing further about the case until August 2007, when [he] received notice that the Sheriff had levied upon [his] property for the amount of $91,631.70."[5]

On March 24, 2008, the defendant, through his attorney, filed a motion for relief from the default judgment pursuant to Mass. R. Civ. P. 60 (b), 365 Mass. 828 (1974),[6] attaching his own affidavit, an affidavit of his wife, medical bills from 2002, and land and arborist appraisals. The plaintiff opposed the motion, and after a hearing, a different Superior Court judge (second motion judge) denied it. After his motion for reconsideration was denied, the defendant appealed from the denial of his rule 60 (b) motion to the Appeals Court. We transferred the case on our own motion.

2. *Discussion.* a. *Relief from judgment: rule 54 (c) and § 13B.* Rule 54 (c) provides:

> "A judgment by default shall not be different in kind from or exceed in amount that prayed for in the demand for judgment. Except as to a party against whom a judgment is entered by default, every final judgment shall grant the relief to which the party in whose favor it is rendered is entitled, even if the party has not demanded such relief in his pleadings."

By its terms, the first sentence of the rule precludes a plaintiff

[5]The levy total includes $1,160.03 in postjudgment interest.

[6]Rule 60 (b) of the Massachusetts Rules of Civil Procedure, 365 Mass. 828 (1974), provides in pertinent part:

"On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under [Mass. R. Civ. P. 59 (b), 365 Mass. 827 (1974)]; (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment."

who seeks a default judgment from recovering any money damages over the amount or amounts stated specifically in the complaint. In effect, therefore, the rule requires a plaintiff who seeks to recover money damages to include the amount of the damages sought within her claims for relief, see Mass. R. Civ. P. 8 (a), 365 Mass. 749 (1974),[7] or be barred from any recovery of damages at all.

Section 13B, inserted by St. 1986, c. 708, § 5, with exceptions not relevant here, precludes a plaintiff from including in a complaint the "monetary amount claimed." This section reads as follows:

> "No complaint in any civil action shall contain an ad damnum or monetary amount claimed against any defendant, unless such ad damnum or monetary amount claimed indicates damages which are liquidated or ascertainable by calculation and a statement under oath by a person having knowledge thereof is attached to such complaint setting forth the manner in which the amount of said damages was calculated. For the purposes of this section complaint shall include a claim, crossclaim, or counterclaim."

Before the enactment of § 13B, we determined that in the event of a defendant's default, a plaintiff's entitlement to recover damages in a default judgment was limited to the amount originally requested in the complaint. *Scannell* v. *Ed. Ferreirinha & Irmao, Lda.*, 401 Mass. 155, 161-164 (1987) (*Scannell*) (award of default judgment damages originally entered in amount of $1,750,000 but was reduced to $800,000, amount plaintiff originally prayed for in demand for judgment). See *Buffum* v. *Rockport*, 36 Mass. App. Ct. 377, 381-382 (1994); *Jabaily* v. *Cullen*, 18 Mass. App. Ct. 943, 945 (1984). The *Scannell* decision referenced § 13B, but because the statute had been enacted after entry of final judgment in that case, the court anticipated but did not directly address the conflict that would arise between § 13B and rule 54 (c). *Id.* at 164-165 n.9.

---

[7]Rule 8 (a) of the Massachusetts Rules of Civil Procedure, 365 Mass. 749 (1974), provides: "A pleading which sets forth a claim for relief, whether an original claim, counterclaim, cross-claim, or third-party claim shall contain (1) a short and plain statement of the claim showing that the pleader is entitled to relief, and (2) a demand for judgment for the relief to which he deems himself entitled. Relief in the alternative or of several different types may be demanded."

The defendant, without any citation to or mention of § 13B in his brief, asserts that he is entitled to relief from the default judgment against him because the provisions of rule 54 (c) render the judgment void. See Mass. R. Civ. P. 60 (b) (4). Specifically, the defendant claims that in violation of rule 54 (c), the plaintiff was awarded money damages in an amount exceeding that contained in her complaint, a pleading that did not include any damage figure at all; that such a violation of rule 54 (c) is jurisdictional; and that accordingly the default judgment is "null and void."

The defendant's argument has no merit. Given the unliquidated nature of the plaintiff's claims, § 13B operated to prohibit the plaintiff from including in her complaint a specified amount of damages, and the plaintiff's complaint complied with § 13B's strictures. As a consequence, the default judgment award that included over $90,000 in damages necessarily violated rule 54 (c) because the judgment exceeded "in amount that prayed for in the demand for judgment." Where there is such an irreconcilable conflict between a court rule and a statute, the statute supersedes the rule.[8] See *Senior Hous. Props. Trust* v. *HealthSouth Corp.*, 447 Mass. 259, 271-272 (2006), and cases cited. Therefore, notwithstanding rule 54 (c), the plaintiff was not required to include in her complaint a request for a specific amount of damages, and there is no basis to find error on this ground.[9]

The defendant briefly asserts that the default judgment in this case also may violate rule 54 (c) — and be void as a consequence

[8]Nothing in Rule 29 of the Rules of the Superior Court (2008-2009) lessens the conflict between G. L. c. 231, § 13B (§ 13B), and Mass. R. Civ. P. 54 (c), 365 Mass. 820 (1974). Rule 29 (2) requires that every civil action that is filed be accompanied by a civil action cover sheet on which the plaintiff or counsel "shall set forth, where appropriate, a statement specifying in full and itemized detail the facts on which the plaintiff then relies as constituting money damages." Although filing and service of the civil action cover sheet is mandatory, it is not equivalent to the "demand for judgment" in a complaint to which rule 54 (c) refers.

[9]In light of this conclusion, we need not address whether a default judgment entered in violation of rule 54 (c) is void as beyond the jurisdiction of the ordering court. See *Scannell* v. *Ed. Ferreirinha & Irmao, Lda.*, 401 Mass. 155, 162-163 (1987) (raising but not deciding question). See also J.W. Smith & H.B. Zobel, Rules Practice § 54.9 (2d ed. 2007).

We return to the conflict between rule 54 (c) and § 13B in part 2.d, *infra*.

— because the plaintiff's complaint was one for declaratory relief, not damages. Therefore, the default judgment awarding damages, contrary to the command of the rule, was "different in kind from . . . that prayed for in the demand for judgment." Mass. R. Civ. P. 54 (c), first sentence. The claim fails. While the plaintiff's complaint does seek declaratory (as well as injunctive) relief, it also seeks damages — compensation for the trees allegedly removed by the defendant and for the plaintiff's alleged loss of a sale of her lot caused by her boundary dispute with the defendant. Because the plaintiff both sought and was awarded damages, the judgment was not "different in kind" within the meaning of the current rule 54 (c), and there was no error. See *Plasko* v. *Orser*, 373 Mass. 40, 43-44 (1977).

b. *Relief from judgment: other grounds.* The defendant urges that even if the plaintiff was not required to include a monetary amount of damages in her demand for judgment, he is still entitled to relief under rule 60 (b) (1) for excusable neglect, or under rule 60 (b) (6) because of the extraordinary circumstances presented by this case. Accordingly, the defendant argues, the second motion judge abused his discretion in denying the motion for relief from judgment. Insofar as the second motion judge treated the defendant's rule 60 (b) motion as one seeking relief from the judgment itself, see Mass. R. Civ. P. 55 (c), 365 Mass. 822 (1974),[10] the defendant's claim of error again lacks merit.

Rule 60 (b) (1) authorizes relief from a final judgment for mistake, inadvertence, or excusable neglect. See note 6, *supra.* The burden to establish one of these conditions is on the defendant. See *Gath* v. *M/A-Com, Inc.*, 440 Mass. 482, 497 (2003) ("[defendant] bears the considerable burden of showing that the mistake was indeed excusable, and not due simply to its own carelessness"). See also *Scannell*, 401 Mass. at 158; *Cullen Enters., Inc.* v. *Massachusetts Prop. Ins. Underwriting Ass'n*, 399 Mass. 886, 894 (1987). In *Berube* v. *McKesson Wine & Spirits Co.*, 7 Mass. App. Ct. 426, 430-431 (1979), the Appeals Court set out several factors that may inform the court's deci-

---

[10]Rule 55 (c) of the Massachusetts Rules of Civil Procedure, 365 Mass. 822 (1974), provides: "For good cause shown the court may set aside an entry of default and, if a judgment has been entered, may likewise set it aside in accordance with Rule 60 (b)."

sion concerning whether the defendant has met his burden under this rule.[11]

In his denial of the motion for relief from default judgment, the second motion judge ruled that the defendant had not met his burden under rule 60 (b) (1), nor established that he was entitled to relief based on the *Berube* factors. We have considered the defendant's arguments relating to these factors — primarily that the defendant was mentally and physically incapacitated at the time in 2002 when the plaintiff filed this action and served the complaint; that he consulted an attorney when he first learned about the lawsuit in March, 2007, and was told that it had been dismissed; that he acted promptly when he learned the sheriff had levied on his property; and that he has a meritorious defense — but find no basis to overturn the judge's determination that the defendant did not demonstrate excusable neglect. The second motion judge was not bound to accept the defendant's self-serving statement that the *only* notice he received of the lawsuit was the March, 2007, judgment of dismissal of the plaintiff's complaint, and that he received no additional notice, either before or after the (temporary) dismissal, until the sheriff's levy on his property in August of 2007. See *Scannell*, 401 Mass. at 159 (although affidavit stated defendant believed its insurer would defend lawsuit, judge could have inferred that defendant was not relying on its insurer to defend it, or that reliance on insurer was unreasonable). Moreover, the defendant did not file his motion for relief from judgment until late March, 2008, seven months after the levy occurred. The second motion judge had considerable discretion in ruling on the defendant's motion for relief under rule 60 (b) (1), see, e.g., *Parrell* v. *Keenan*, 389

[11]The factors detailed in *Berube* v. *McKesson Wine & Spirits Co.*, 7 Mass. App. Ct. 426, 430-431 (1979), are:

"(1) whether the offending party has acted promptly after entry of judgment to assert his claim for relief therefrom; (2) whether there is a showing either by way of affidavit, or otherwise apparent on the record, that the claim sought to be revived has merit; (3) whether the neglectful conduct occurs before trial, as opposed to during, or after the trial; (4) whether the neglect was the product of a consciously chosen course of conduct on the part of counsel; (5) whether prejudice has resulted to the other party; and (6) whether the error is chargeable to the party's legal representative, rather than to the party himself."

Mass. 809, 815 (1983), and there was no abuse of discretion in his denial of it.

Rule 60 (b) (6) authorizes relief from a final judgment in cases involving "extraordinary circumstances," *Owens* v. *Mukendi*, 448 Mass. 66, 71 (2006), quoting *Bromfield* v. *Commonwealth*, 400 Mass. 254, 257 (1987), or "whenever such action is appropriate to accomplish justice," *Parrell* v. *Keenan*, 389 Mass. at 815, quoting *Klapprott* v. *United States*, 335 U.S. 601, 615 (1949). Insofar as the defendant relies on his medical condition in the spring of 2002 as grounds for relief under this rule — as he did in claiming relief under rule 60 (b) (1) — we again conclude the second motion judge did not abuse his considerable discretion in denying the motion. However, the defendant also argues that he is entitled to relief under rule 60 (b) (6) because of "the enormous disparity" between the damages awarded and what the defendant claims are the actual damages. This portion of the defendant's argument relates not to relief from the default but from the actual judgment. The record before us contains affidavits with differing descriptions of the nature and extent of the defendant's incursions on the plaintiff's land and, therefore, differing assessments of the monetary damages involved. We have no way of determining which, if any, affidavit presents an accurate view of the harm caused by the defendant, and certainly we are not in a position to determine whether the damage figure associated with the alleged property damage is excessive. Nevertheless, the damages assessed by the first motion judge and the manner in which they were assessed present a number of issues that call into question the validity of that assessment. For the reasons we discuss next, we vacate the default judgment and remand the case for a new hearing on damages.

c. *Assessment of damages.* Rule 55 (b) (2) provides in part that in all cases where a plaintiff or other party is entitled to a default judgment, but the claim is not one for a sum certain or that can be computed with certainty,[12] the court (acting through a judge rather than a clerk) can enter the default judgment and assess the damages. See J.W. Smith & H.B. Zobel, Rules Prac-

---

[12]Entry of a default judgment in a case where the plaintiff's claim "is for a sum certain or for a sum which can by computation be made certain" may be made by the clerk under rule 55 (b) (1), assuming the other requirements of that rule are met.

tice § 55.4 (2d ed. 2007). Where, as was true in this case, a defendant has not appeared in the action, rule 55 (b) (2) expressly does not require a plaintiff to give notice to the defendant of an application for a default judgment. Nevertheless, the rule goes on to provide that, regardless of whether the defendant has appeared, the judge may conduct a hearing *whenever* "it is necessary . . . to determine the amount of damages or to establish the truth of an averment by evidence" (emphasis added).

In addition, while rule 55 (b) (2) itself does not specifically address whether a judge must make findings in assessing damages, the Appeals Court, following Federal cases interpreting Fed. R. Civ. P. 55 (b) (2) and Fed. R. Civ. P. 52 (a), has concluded that the Massachusetts counterparts to these rules — rule 55 (b) (2) and Mass. R. Civ. P. 52 (a), as amended, 423 Mass. 1402 (1996)[13] — should be construed to require findings of fact when a judge is determining damages in connection with a default judgment. *Kenney* v. *Rust*, 17 Mass. App. Ct. 699, 705 (1984). See *Bissanti Design/Build Group* v. *McClay*, 32 Mass. App. Ct. 469, 471-472 (1992). We generally follow the Federal courts' interpretation of Federal rules of civil procedure in construing our own identical rules. See, e.g., *Rollins Envtl. Servs., Inc.* v. *Superior Court*, 368 Mass. 174, 179-180 (1975). See also *Strom* v. *American Honda Motor Co.*, 423 Mass. 330, 335 (1996), quoting *Solimene* v. *B. Grauel & Co., KG*, 399 Mass. 790, 800 (1987) ("Because the Massachusetts Rules of Civil Procedure are patterned after the Federal rules, we interpret our rules consistently with the construction given their Federal counterparts . . ."). We agree with the Appeals Court that it makes sense to do so here, and conclude that rule 55 (b) (2) is properly interpreted as requiring some factual findings concerning the basis of the damages or other relief included within the default judgment.[14] See, e.g., *Securities & Exch. Comm'n* v. *Management Dynamics, Inc.*, 515 F.2d 801, 813-814 (2d Cir. 1975).

---

[13]Rule 52 (a) of the Massachusetts Rules of Civil Procedure, as amended, 423 Mass. 1402 (1996), provides in pertinent part: "In all actions tried upon the facts without a jury, the court shall find the facts specially and state separately its conclusions of law thereon, and judgment shall be entered pursuant to [Mass. R. Civ. P. 58, as amended, 371 Mass. 908 (1977)]."

[14]The extent and nature of the findings will depend on the circumstances. For example, if a plaintiff presents an affidavit that lays out with clarity the

In the present case, the first motion judge did not hold a hearing, but simply endorsed the plaintiff's motion to assess damages as "allowed in the [amounts] set forth in [the plaintiff's] affidavit." This was error. The affidavits accompanying the plaintiff's motion presented a number of substantial questions concerning the damages being sought for which the motion and its accompanying papers did not provide answers.[15] Some type of hearing on damages was called for, at least to the extent of an inquiry of the plaintiff's counsel concerning the basis for the damages claimed, and perhaps to hear testimony from the plaintiff herself. See 10A C.A. Wright, A.R. Miller, M.K. Kane, Federal Practice and Procedure § 2688, at 58 (1998) ("The hearing is not considered a trial, but is in the nature of an inquiry before the judge"). Moreover, the judge provided no factual findings on which the assessment of damages was based.

The plaintiff suggests that even if findings were required, as the Appeals Court determined in *Kenney* v. *Rust*, 17 Mass. App. Ct. at 705-706, there is no need to remand for findings in this case. In contrast to *Kenney*, however, the default judgment in this case was entered without a hearing and on the basis of a single affidavit that, as we previously identified, contains allegations of damages not raised in the complaint and that may not be supportable. A remand is called for. See *Bissanti Design/Build Group* v. *McClay*, 32 Mass. App. Ct. at 471-472. See also *Tamarin* v. *Adam Caterers, Inc.*, 13 F.3d 51, 53-54 (2d Cir. 1993). Cf. *Productora e Importadora de Papel, S.A. de C.V.* v. *Fleming*, 376

nature and amount of damages being sought, and the judge determines on review that those damages are consistent with the plaintiff's claims, the judge's findings may adopt or reference the affidavit. In the case of a contested evidentiary hearing on damages, however, the findings may well need to be more detailed.

[15]For example, the plaintiff's affidavit sought damages in the amount of $50,000 for the "[d]iminution of the value of [her] property." Diminution of property value was not a claim or category of damages mentioned in the plaintiff's complaint. Moreover, the plaintiff stated that her request for these damages was supported by an affidavit of a real estate appraiser, but the appraiser's affidavit does not mention diminution of property. Rather, it identifies the $50,000 figure as the "cost to cure" the plaintiff's lot from the incursions of the defendant — a subject about which it is questionable a real estate appraiser is qualified to opine. In addition, the plaintiff's affidavit listed as "damages" the fees charged by her attorney in connection with the case, as well as the fees charged by the real estate appraiser and a land surveyor, none of which properly qualifies as damages.

Mass. 826, 832-835 (1978) (default does not concede amount of damages, and defendant is entitled to contest sum put forth by plaintiff).

On remand, the issue of the appropriateness of awarding attorney's fees to the plaintiff is likely to arise; we briefly address it here. The American rule dictates that in the absence of a fee-shifting statute or court rule, a successful party is not allowed to recover its attorney's fees or expenses. *John T. Callahan & Sons* v. *Worcester Ins. Co.*, 453 Mass. 447, 449 (2009), citing *Preferred Mut. Ins. Co.* v. *Gamache*, 426 Mass. 93, 95 (1997). Here, there is no applicable statute or rule that authorizes the shifting of attorney's fees, and therefore the award was in error.

d. *A return to Mass. R. Civ. P. 54 (c)*. As discussed *supra*, a conflict currently exists between the provision in the first sentence of Mass. R. Civ. P. 54 (c) on damages and G. L. c. 231, § 13B. We refer the issue to the standing advisory committee on the Massachusetts Rules of Civil Procedure to study and to recommend amendments to rule 54 (c). In connection with the referral we add the following.

The first sentence of rule 54 (c), by providing for an effective cap on an award of damages in the case of a default judgment, see *Scannell*, 401 Mass. at 164 & n.8, serves the purpose of enabling a defendant "to weigh the ascertainable cost of losing by default versus the probable costs of going to trial, and then to choose the less expensive option." *Id.* at 163. See *Marshall* v. *Stratus Pharms., Inc.*, 51 Mass. App. Ct. 667, 674 (2001); *Buffum* v. *Rockport*, 36 Mass. App. Ct. at 382; *Multi Tech., Inc.* v. *Mitchell Mgt. Sys., Inc.*, 25 Mass. App. Ct. 333, 336-337 (1988). See also J.W. Smith & H.B. Zobel, Rules Practice § 54.9, at 240 (2d ed. 2007); 10 C.A. Wright, A.R. Miller, & M.K. Kane, Federal Practice and Procedure § 2663, at 166 (1998). Moreover, the rule recognizes that a plaintiff is in the best position to protect against an inadequate damage award. *Scannell*, *supra* at 163-164.

The enactment of § 13B in effect supersedes the portion of rule 54 (c)'s first sentence that requires a plaintiff to plead a specific amount of monetary damages, leaving intact only the "different in kind" limitation. Nevertheless, the policies underlying rule 54 (c), discussed in the cases just cited, remain sound. The standing advisory committee may wish to consider whether,

consistent with § 13B, those policies might continue to be
served by an amendment to the rule that would eliminate refer-
ence to the "demand for judgment" in the complaint but add a
reference to the amount of damages set out in the civil action
cover sheet. See Rule 29 of the Rules of the Superior Court;
Rule 102A of the District/Municipal Courts Supplemental
Rules of Civil Procedure (2008-2009).[16]

3. *Conclusion.* The entry of default is affirmed, the judgment
of default is vacated, and the matter is remanded to the Superior
Court for a hearing on damages.

*So ordered.*

---

[16]The committee may also wish to examine the question whether a plaintiff,
in seeking a default judgment against the defendant, should be precluded from
recovering damages under a theory different from any set out in the complaint.
In *Plasko* v. *Orser*, 373 Mass. 40, 43-44 & n.3 (1977), we rejected the plaintiff's
argument that "the defendant's default in effect bound the court to the theory
of damages found in the complaint," thus interpreting the phrase "different in
kind" in rule 54 (c)'s first sentence as not referring or applying to a different
theory of damages. The view stated in *Plasko* v. *Orser, supra,* may remain an
appropriate one to follow, but we recognize that the court's view may also
have been dependent on the language of rule 54 (c), which effectively capped
the amount of damages the plaintiff could recover by the amount included in
the demand for judgment regardless of the underlying theory of damages.
Because rule 54 (c) is to be amended to eliminate the "capping" language, we
would welcome receiving recommendations from the committee on the question.