Wilkins, Douglas H., J.
In this case involving a motor vehicle accident, the defendants, Constantine Spence and Adee Truck and Car Rental, Inc. were defaulted on September 7, 2011 for failure to file an answer or otherwise appear.[2] The plaintiff moved for *187 assessment of damages. The court held a hearing on October 27, 2011, for which notice was given to the defendants at their last known addresses by mail sent on October 13, 2011. The plaintiff testified at the hearing and presented medical bills.
BACKGROUND
I make the following findings for purposes of Rule 55(b)(2), based upon the written direct testimony in affidavit form, the live testimony and materials presented to the court at the evidentiary hearing held on October 27, 2011.
The plaintiff, who now goes by a different name,[3] was lawfully driving a truck owned by defendants, Constantine Spence and Adee Truck and Car Rental, Inc. on Januaiy 9, 2007 at approximately 11 A.M. Constantine Spence had provided the truck to the plaintiff to facilitate returning his three children (plaintiffs grandchildren) to the Bronx County Family Court in New York for a custody proceeding. The children, whose mother is the plaintiffs daughter, had been visiting the plaintiff at her residence in New Hampshire. The plaintiff later learned that Mr. Spence had cancelled the insurance on the truck two days after he had given it to the plaintiff and her daughter to transport the children back to New York City.
While on the Massachusetts Turnpike, the rear wheel on the driver’s side detached from the truck through no fault of her own. As a result, she lost control of the vehicle, which crashed in a multiple roll-over accident. Glass shattered all over her, the sleeve of her coat was torn off, she was bleeding and suffered injuiy to her scalp.
The plaintiff and her grandchildren were transported by ambulance to the UMass Memorial Medical Center in Worcester, Massachusetts. While the children suffered no serious physical injuiy, the plaintiff was treated for trauma to her head, including glass fragments embedded in her head and injury to her left sinus. She also suffered injuiy to her left elbow, left forearm and wrist, and left foot. She lost some bone in her elbow and lost some hair on one side of her head. The plaintiff provided medical records describing and documenting these injuries.
The plaintiff was seen for follow-up treatment at Portsmouth Regional Hospital from Januaiy 10 through 18, 2007 as an out-patient. She reported her pain level as 9 on a scale of 10 and experienced nausea with vomiting. Nursing staff reported that she appeared in pain. Upon discharge, she reported pain as 3 on a scale of 10. The costs of treatment at UMass Memorial and Portsmouth Regional totaled $5,003.72. She later treated at Seacoast Family First through March 2007. On one occasion, she reported pain of 10 out of 10. She reported nightmares and fear of driving on the highway. The follow-up care cost $4,970.00. She had no medical insurance at the time and had to limit her treatment to those things that were absolutely necessary. She suffered through her injuries and has continued to experience pain and suffering.
In February 2011, the plaintiff was rear-ended in an unrelated car accident. She received treatment at the Wentworth Douglas Hospital, Durham Health Center, Seacoast General Surgery, Seacoast Physiatry and Seacoast Pain Institute of New England in New Hampshire. She reported hitting her head on the steering wheel and suffered dizziness and contusions to the head. The 2001 accident also caused injuiy and persistent pain to her neck and lower back, resulting in a permanent condition and limitations upon her ability to lift, climb, twist, bend, squat or reach. A portion of that treatment was required by the untreated injuries from the Januaiy 2007 accident. In particular, x-rays showed a foreign body in her head, leading to surgeiy on February 17, 2011, that removed two small pieces of glass from the left parietal region of her head. The surgeon noted that one piece of glass measured 3 mm, while the other was fairly large, at 8 mm x 8 mm. Both pieces of glass caused head pain and pressure, as reported by the plaintiff. Those pieces of glass resulted from the January 2007 accident. Until their removal in 2011, the plaintiff had experienced pain from those fragments, which felt as though something was trickling down.
The plaintiff suffers acute headaches and limitations on the use of her left arm. The injuries affect her job performance as a manager for a Barnes & Nobles by limiting her ability to lift, carry objects or stand for long periods. Her total medical costs for treatment amount to $43,454.27.
The most difficult question is how much of the 2011 medical services result from the 2007 accident. I do not rely upon the generalized quotations of unnamed physicians regarding the relationship between the two accidents. However, the records do demonstrate that the 2007 accident left glass in the plaintiffs head that caused pain and required surgical removal in 2011. There is undoubtedly a large portion of the 2011 expenses that relate entirely to the new injuries sustained in the 2011 crash. Considering all the evidence, I find that $14,000 represents the approximate amount of medical expenses incurred in 2011 as a result of the 2007 accident. I also find that the 2007 accident caused back pain, which had abated somewhat prior to aggravation by the 2011 accident.
I find that the sum of $65,000 will fairly and fully compensate the plaintiff for her damages as a result of the 2007 accident.
The plaintiff has provided the necessary Military Affidavit under Mass.R.Civ.P. 55.
DISCUSSION
Under Mass.R.Civ.P. 55(b), the court enters the default judgment and assesses damages where the claim is not one for a sum certain or that can be computed with certainty. See Hermanson v. *188 Szafarowicz, 457 Mass. 39, 48-49 (2010). Here, the claims against the defendant is unliquidated and requires assessment. Accordingly, the court held a hearing and took live evidence, because that testimony was “necessary to determine the amount of damages or to establish the truth of an averment by evidence.” Id. Rule 55(b)(2) requires “some factual findings concerning the basis of the damages or other relief included within the default judgment.” Hermanson, 457 Mass. at 49. “The extent and nature of the findings will depend on the circumstances.” Id. at n. 14. My findings are set forth in detail above.
Based upon all of the evidence and upon my findings, I assess the plaintiffs total damages at $65,000.
CONCLUSION
After hearing and upon consideration of the testimony, exhibits, affidavits and other submissions, damages are assessed in favor of Melissa Reed in the amount of $65,000.00 plus interest and costs against defendants Constantine Spence and Adee Truck and Car Rental, Inc. Final judgment shall enter for the plaintiff against both defendants, jointly and severally, in the amount of $65,000.

Shortly after the hearing, the Court received correspondence from the defendants, which appears to be a copy of the document to which plaintiffs counsel refers in paragraph 19 of his affidavit. However, the correspondence did not appear to be a motion directed at the default and, if it were intended to serve as such a motion, it failed to comply with Superior Court Rule 9A. Other than docketing and filing, no action will be taken with respect to that correspondence.

For the sake of consistency with the existing pleadings, the Court will continue to use her original name.