Wilkins, Douglas H., J.
In this case involving an attack by the defendant, Cynthia Smith upon the *186 plaintiff Lauren E. Tremblay at the Days End Tavern, the defendant, Cynthia Smith was defaulted on August 9, 2011, for failure to file an answer or otherwise appear. All other claims against all other parties have been resolved.[2] The plaintiff moved for assessment of damages. The court held a hearing on November 1, 2011, for which notice was given to the defendant at her last known addresses. The plaintiff testified at the hearing and presented medical bills.
BACKGROUND
I make the following findings for purposes of Rule 55(b)(2), based upon the written direct testimony in affidavit form, the live testimony and materials presented to the court at the evidentiary hearing held on November 1, 2011.
The plaintiff is a resident of Worcester and is 33 years old. In the early morning of February 14, 2010, the plaintiff was a patron at the Days End Tavern, 287 Main Street, Oxford, Massachusetts. Cynthia Smith was also a patron at the tavern at the same time. Ms. Smith, while in a state of intoxication and without cause or justification, struck the plaintiff in the face with a highball glass, which shattered. The blow caused four lacerations on the plaintiff s jaw and neck, which required immediate medical attention, including being taken by ambulance to St. Vincent’s Hospital. One laceration was about 3/4 to 1 inch long. The other three were about 1/4" long. She required six stitches and was at the hospital until about 10 or 11 A.M. the next morning. She had a black eye and swollen cheek bone for about a week. She was scared by the incident and suffered pain, suffering and embarrassment as a result of Smith’s assault and battery. At the hospital, she rated her pain at a level of 4 out of 10. The hospital staff noted that she appeared distressed and anxious. She experienced pain for about two weeks, particularly upon eating, until the stitches were removed. Her reasonable and necessary medical expenses resulting from the attack totaled $3,645.61.
The plaintiffs facial injury includes some permanent scarring and disfigurement. There are white scar lines still visible in the area of the injuries, especially in the summer. The largest scar line particularly bothers her. The scarring still reminds her of the incident.
The plaintiff settled with the remaining defendants for $17,500.
The plaintiff has provided the necessary Military Affidavit under Mass.RCiv.P. 55.
DISCUSSION
Under Mass.R.Civ.P. 55(b), the court enters the default judgment and assesses damages where the claim is not one for a sum certain or that can be computed with certainty. See Hermanson v. Szafarowicz, 457 Mass. 39, 48-49 (2010). Here, the claims against the defendant is unliquidated and requires assessment. Accordingly, the court held a hearing and took live evidence, because that testimony was “necessary to determine the amount of damages or to establish the truth of an averment by evidence.” Id. Rule 55(b)(2) requires “some factual findings concerning the basis of the damages or other relief included within the default judgment.” Hermanson, 457 Mass. at 49. “The extent and nature of the findings will depend on the circumstances.” Id. at n. 14. My findings are set forth in detail above.
Based upon all of the evidence and upon my findings, I assess the plaintiffs total damages at $28,645.61.
CONCLUSION
After hearing and upon consideration of the testimony, exhibits, affidavits and other submissions, damages are assessed in favor of Lauren E. Tremblay in the amount of $28,645.61 plus interest and costs against defendant Cynthia Smith. After deducting the $17,500 setoff, judgment shall enter in favor of plaintiff, Lauren E. Tremblay against defendant Cynthia Smith in the amount of $11,145.61 plus interest and costs. As this resolves the final claims in this matter, Final Judgment will enter.

After report of a settlement and upon the joint motion of the parties who have appeared, the Court entered the following order on June 28, 2011: “the complaint of the plaintiff, Lauren E. Tremblay be and hereby is dismissed against the defendants, K&T Inc. d/b/a Days End Tavern, Daniel P. Fields, Julianna M. Fields, Raymond A. Desautels Jr. and Sharon A. Desautels, with costs.”