Singh, J.
After leaving his car in a repair shop for years, the plaintiff sought to recoup his damages by making a claim to his automobile insurance company. After the insurer denied the claim, the plaintiff brought this action for breach of contract and for violation of the Consumer Protection Act, G.L.c. 93A. The breach of contract claim was tried before a jury, but a verdict was directed in favor of the insurer due to a lack of evidence of coverage under the circumstances presented. The G.L.c. 93A claim subsequently proceeded before a judge on the theory that the insurer had unfairly failed to pay on a glass claim for damage to the windshield. Finding that the plaintiff did not sufficiently alert the insurer as to the specific issue of broken windshield glass, the judge determined that the insurer had not unfairly rejected the claim. The plaintiff moved for relief from judgment. The court denied the plaintiffs motion, and the plaintiff appealed. We affirm the denial of the motion for relief from judgment, chiefly because the plaintiff has made no argument on appeal concerning the propriety of the judge’s denial of the motion.
On appeal from the denial of a motion for relief from judgment, the plaintiff bears the burden of showing that the judge abused his discretion. Hermanson v. Szafarowicz, 457 Mass. 39, 46-48 (2010). Here, the plaintiff makes no mention of the judge’s exercise of discretion on his motion. Rather, he appears to argue that the judge erred in his G.L.c. 93A determination that the windshield claim was not sufficiently raised to the insurer. He contends that (1) he was not even required to send a G.L.c. 93A demand letter because the insurer’s principal place of business was out of state; (2) the demand letters he did send were sufficient to encompass the windshield claim; and (3) he did otherwise alert the insurer to the windshield claim. Putting aside the fact that the plaintiff took no appeal from the underlying judgment, we conclude that he has failed to provide a sufficient record for review. See Flores v. Castaldi, 2013 Mass. App. Div. 121,122 (appellant’s burden to provide record adequate for appellate review). In his request for findings of fact and rulings of law, the plaintiff failed to request certain findings and rulings that are the predicate for his arguments on appeal; thus, there is no foundation for those argu- *66 merits.[1] With respect to other findings and rulings that were requested, the court rejected them; however, the plaintiff has not provided a sufficient record of the G.L.c. 93A trial that would allow evaluation of the propriety of those findings and rulings.[2]
In any event, even if the judge had accepted all of the arguments put forward by the plaintiff in his motion for relief from judgment (the same arguments put forward on this appeal), he still could have determined that the plaintiff had failed to establish his burden of proving a G.L.c. 93A violation. We find it significant that the judge rejected the plaintiffs several requests for findings to the effect that the glass in his windshield was, in fact, broken. The judge could well have found that the plaintiff mentioned windshield damage in passing but that the insurer did not payout on a glass claim based on a reasonable investigation that failed to reveal broken glass in the windshield. In this way, there would have been no basis to find that the insurer had acted in an unfair or deceptive manner. See G.L.c. 93A, §2 (a) (finding of unfair or deceptive act or practice required to establish G.L.c. 93A violation). As the plaintiff has failed to establish any abuse of discretion in the denial of his motion for relief from judgment, his appeal is dismissed.
So ordered.

 For example, the plaintiff requested a finding that the insurer's principal place of business was in Pennsylvania, but made no request for a finding that the insurer had no place of business or assets within the Commonwealth. See G.L.c. 93A, §9(3) (demand letter requirement shall not apply if prospective respondent “does not maintain a place of business or does not keep assets within the commonwealth”).

 For example, the judge rejected the plaintiffs request for a ruling that the two demand letters he sent comported with the requirements of G.L.c. 93A The plaintiff contends that the letters were sufficient to encompass the windshield damage claim, but he failed to include those letters in the record of this appeal.