NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

25-P-532

ANGELIKI PAPADOPOULOS

<u>vs</u>.

DANIEL J. DUNN[1] & others;[2] JAMIE McGUINNESS AND SONS INC. & another,[3] third-party defendants.

<u>MEMORANDUM AND ORDER PURSUANT TO RULE 23.0</u>

The plaintiff, Angeliki Papadopoulos, appeals from the entry in the Superior Court of a separate and final judgment in favor of defendants George Drizos, as trustee of GND Realty Trust (GND), and the Nicholas & George Delegas Trust (collectively, the trust defendants); the entry of a separate and final judgment in favor of defendant town of Weymouth

---

[1] Doing business as Adam Builders.

[2] Town of Weymouth; George Drizos, as trustee of GND Realty Trust; Nicholas & George Delegas Trust; and Stephen A. McDonald. As is our custom, we spell the parties' names as they appear in the complaint.  This court granted leave to any misnamed parties to seek a correction to the trial court docket.  It appears that no motion seeking such a correction was filed below.

[3] Envirobusiness, Inc., doing business as EBI Consulting.

(town); and from the denial of the plaintiff's motion for relief from final judgment. The plaintiff asserts that the judge erred in concluding that the record did not support the elements of duty and causation. Finding that the plaintiff presented no evidence of causation on the record before us, we affirm.

Background. We consider the undisputed material facts "in the light most favorable to the [plaintiff]," reserving some facts for later discussion. Doe v. Massachusetts Trial Court, 494 Mass. 408, 409 (2024).

The plaintiff owns 1-3 Commercial Street in Braintree (the property). Prior to February 2017, the property abutted 4 Commercial Street, owned by defendant GND. Between February 13, 2017, and February 23, 2017, defendant Daniel Dunn, through his subcontractors and at the behest of GND, conducted and completed the demolition of 4 Commercial Street (the project). The project was permitted by the town, which did not perform, oversee, or supervise the project. As a result of the project, a wall between the property and 4 Commercial Street became an exterior wall; at the project's conclusion, this wall "was partly demolished, leaving part of the exterior of the wall incomplete, not protected as required by the building code from water and water vapor intrusion."

2

In April 2017, approximately two months after the project, the plaintiff inspected the property and found no damage to the interior.  In January 2018, approximately 11 months after the project, the plaintiff again visited the property and noticed for the first time "that the building suffered substantial water damage."

The plaintiff hired an engineer over a year later in August 2018.  The engineer inspected "what was remaining" of the exterior wall, as well as "the interior of [the property] and the damage caused by water infiltrating the existing remains" of the wall.  His report notes the presence of that damage, opines that the work involving the exterior wall had not been carried out in accordance with the applicable building code, and concludes that the project "was in violation of 780 CMR and was producing extensive damage to the interior of the remaining building."  The report does not specify the nature or location of the interior damage or provide any explanation as to how the alleged code violations caused damage, and the record presents no other description of water infiltrating through the exterior wall.  Between August 2018 and March 2019, the town "substantially improved" the wall.

The plaintiff also hired a roofer to repair part of the property's roof in September 2019, almost two years after the

3

project.  The roofer saw water leaking into the property at several locations due to flashing not adhering to the roof. Additionally, the roofer noted that the entire roof had been repaired within the past year, but the "work wasn't done properly, [t]here was a lot of debris on the roof," and "the whole roof was in need of replacement."

Summary judgment.  The plaintiff claims several errors in the motion judge's grant of summary judgment to the defendants. We review the judge's decision de novo, affirming "where there is no material issue of fact in dispute and the moving party is entitled to judgment as a matter of law" (citation omitted). Doe, 494 Mass. at 411.  Because we agree with the judge's dispositive determination that the plaintiff presented no evidence on the causation element, we affirm and do not address other determinations within his decision.

"It is a bedrock principle of negligence law that a defendant cannot and should not be held liable for a harm unless the defendant caused the harm."  Doull v. Foster, 487 Mass. 1, 6-7 (2021), citing Wainwright v. Jackson, 291 Mass. 100, 102 (1935) ("The general rule is that one cannot be held liable for negligent conduct unless it is causally related to injury of the plaintiff").  And while it is true that a plaintiff need not "exclude all other possible causes" for the injury, "[s]he must

4

show that there is a greater probability than not that the accident resulted from the defendant's negligence." Enrich v. Windmere Corp., 416 Mass. 83, 87 (1993). In the absence of "specific facts establishing a genuine, triable issue, summary judgment should be granted." Cullen Enters. v. Massachusetts Prop. Ins. Underwriting Ass'n, 399 Mass. 886, 890 (1987).

The plaintiff points to water damage in the interior and the roof of her property as having been caused by the defendants' negligence, but the record does not contain facts necessary to substantiate this claim.[4] The plaintiff's claim of damage related to the exterior wall is based on an expert report which noted "damage that was produced by water infiltrating the exposed existing remains of the fire/party wall." The report, however, provided no further description of the damage nor any description linking it to the defendants beyond the conclusory assessment that "the [project] carried out was in violation of 780 CMR and was producing extensive damage to the interior of the remaining building." Without more, this report cannot substantiate the claim that the project caused damage to the

---

[4] To the extent the plaintiff also asserts liability for damage to the exterior wall itself, the plaintiff admits "the Town began making repairs to the façade of the [plaintiff's] building," and the town's interrogatory response details the repair work it completed to restore the wall, none of which the plaintiff has contested in the record.

plaintiff's property via the exterior wall.  See Cullen Enters.,
399 Mass. at 890 ("Conclusory statements . . . [are]
insufficient to avoid summary judgment" [citation omitted]).

Furthermore, the plaintiff herself only alleged water
damage as having occurred through the roof, a contention
similarly unsubstantiated in the record.  The plaintiff did not
notice water damage until nearly a year after the project, and
only after the entire roof was replaced -- and nineteen months
after the project's completion -- did she engage a roofer who
opined that multiple flashings on the roof were causing leaks
into the property.  Even viewed in the light most favorable to
the plaintiff, this cannot substantiate a finding that "there is
a greater probability than not that the accident resulted from
the defendant's negligence."  Enrich, 416 Mass. at 87.  We agree
with the judge's finding that the plaintiff cannot prove her
negligence claim on this record.[5]

Motion for relief from final judgment.  The plaintiff also
alleges error in the same judge's denial of her motion for
relief from final judgment.  See Mass. R. Civ. P. 60 (b) (1).

_____

[5] To the extent the plaintiff relies on the doctrine of res
ipsa loquitur to substantiate her negligence claim, that
principle is inapplicable unless "other responsible causes
including conduct of the plaintiff are sufficiently eliminated
by the evidence."  Enrich, 416 Mass. at 88.  As detailed, the
record supports the motion judge's finding that other
responsible causes have not been so eliminated.

The judge applied the Berube factors, which "may inform the court's decision concerning whether the [plaintiff] has met [her] burden under this rule." Hermanson v. Szafarowicz, 457 Mass. 39, 46-47 (2010). See Berube v. McKesson Wine & Spirits Co., 7 Mass. App. Ct. 426, 430-431 (1979). Reviewing for abuse of discretion, we find none and affirm. See Hermanson, supra at 47-48.

The judge noted that the plaintiff's claims of negligence would have no greater merit even had the omitted materials been submitted, pointing out that he had already credited "[the plaintiff's] claim that trash/building debris was observed on [the] roof roughly one year after the [project]," that the omitted photographs actually established that the debris was located "on the opposite side of [the] roof" from where the leak was alleged, and that the evidence further suggested that "other parties [had] work[ed] on the roof." Furthermore, the judge "was not bound to accept the [plaintiff]'s self-serving statement" that she instructed counsel to use the omitted evidence. See Hermanson, 457 Mass. at 47. We cannot say that the judge "made a clear error of judgment in weighing the [relevant] factors" or that his decision "falls outside the range of reasonable alternatives" (quotation and citation

7

omitted), <u>L.L.</u> v. <u>Commonwealth</u>, 470 Mass. 169, 185 n.27 (2014), and we therefore affirm.

    <u>Conclusion</u>.  We affirm the separate and final judgment entered in favor of the trust defendants; the separate and final judgment entered in favor of the town; and the order denying the plaintiff's motion for relief from final judgment.

        <u>So ordered</u>.

        By the Court (Desmond,
         D'Angelo & Smyth, JJ.[6]),

        Clerk

Entered:  March 6, 2026.

---

   [6] The panelists are listed in order of seniority.