NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

25-P-70

MARK BRAY

vs.

WORCESTER POLYTECHNIC INSTITUTE & another.[1]

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

On December 18, 2023, the plaintiff, Mark Bray, filed a complaint in the Superior Court against the defendants, Worcester Polytechnic Institute and its president and corporate officer, Laurie Leshin.  In March 2024, the plaintiff served the defendants with the complaint, but did not "make proof of service . . . in writing to the court" as required by Mass. R. Civ. P. 4 (f), 365 Mass. 733 (1974).  The plaintiff's counsel informed the defendants' counsel that he intended to file an amended complaint, and the defendants' counsel agreed that he would accept service on behalf of both defendants.

---

[1] Laurie Leshin.

On March 25, 2024, the plaintiff filed an amended complaint, but did not serve it on the defendants. Almost seven weeks later, on May 10, the defendants' counsel wrote to the plaintiff's counsel, "Based on our March 25 email exchange, I had expected that by now, you would have served the Amended Complaint . . . . Please serve Complaint and Summonses at your earliest convenience."

The plaintiff did not serve the defendants with the amended complaint within ninety days as required by Mass. R. Civ. P. 4 (j), as appearing in 402 Mass. 1401 (1988), and did not file proof of service of either the original or the amended complaint as required by Mass. R. Civ. P. 4 (f). As a result, on July 10, 2024, a judgment of dismissal entered pursuant to Superior Court Standing Order 1-88 (2023).

The plaintiff's counsel filed a motion to remove the default judgment, supported by his own affidavit averring that personal and medical issues in April 2024 had resulted in his being "unable to attend to [his] professional responsibilities," including making "timely return of service" of the original complaint. The defendants opposed the motion, supported by an affidavit demonstrating that between mid-December 2023 and late June 2024, the plaintiff's counsel had filed dozens of pleadings and attended court dates in multiple other cases. Shortly before a hearing on the motion, the plaintiff's counsel filed an

2

affidavit of his employee averring that the employee had mailed proof of service of the original complaint to the Superior Court on March 8, 2024. However, the court never received those documents.

Construing the plaintiff's motion as a motion for relief from judgment pursuant to Mass. R. Civ. P. 60 (b) (1), 365 Mass. 828 (1974) (rule 60 [b] [1]), a Superior Court judge found that the plaintiff had not met the "considerable burden" of demonstrating good cause for failure to file timely return of service of the original and amended complaints, and denied the motion to remove the default judgment. The plaintiff appeals, arguing that the judge abused his discretion by denying relief from the judgment. We are not persuaded.

Rule 60 (b) (1) authorizes a judge to grant relief from a final judgment for mistake, inadvertence, or excusable neglect. See Hermanson v. Szafarowicz, 457 Mass. 39, 46 (2010). As the moving party, the plaintiff bore "the considerable burden of showing that the mistake was indeed excusable, and not due simply to [his] own carelessness." Gath v. M/A-Com, Inc., 440 Mass. 482, 497 (2003). "The resolution of motions for relief from judgment rests in the discretion of the trial judge. Accordingly, the denial of a motion under Rule 60 (b) will be set aside only on a clear showing of an abuse of discretion" (quotations and citations omitted). Atlanticare Med. Ctr. v.

3

Division of Med. Assistance, 485 Mass. 233, 247 (2020).  "An

abuse of discretion occurs where the judge made a clear error of

judgment in weighing the factors relevant to the decision, such

that the decision falls outside the range of reasonable

alternatives" (quotation and citation omitted).  Wilson v.

Commerce Ins. Co., 496 Mass. 1002, 1002 (2025).

In denying the motion, the judge found that the plaintiff's

counsel "[did] not adequately explain why he was unable to

ensure that proof of service of process [for the original

complaint] was filed with the court during the ninety-day period

. . . which spanned mid-December 2023 to mid-March 2024."[2]  The

judge further found that the plaintiff's counsel did not serve

the amended complaint on the defendants during the ninety days

that followed March 25, 2024, and did not file with the court

proof of service of the amended complaint.

The judge noted that the plaintiff's counsel "has failed to

identify any relevant legal standard, let alone argue that

_____

[2] The judge did not resolve the discrepancy between the
plaintiff's counsel's affidavit admitting that he had been
unable to make "timely return of service" of the original
complaint and counsel's employee's affidavit averring that on
March 8, 2024, he had mailed proof of service to the court --
which the court never received.  Instead, the judge concluded
that even if the employee had mailed those documents, the
plaintiff's counsel failed to serve the amended complaint or
file proof of service of it.  We similarly conclude that
resolution of that discrepancy is unnecessary to our analysis.

4

excusable neglect occurred," nor had he argued that "the factors set forth in Berube v. McKesson Wine & Spirits Co., 7 Mass. App. Ct. 426, 430-431 (1979)," should apply.  See Hermanson, 457 Mass. at 46-47 (Berube factors "may inform the court's decision" on rule 60 [b] motion).  For the first time on appeal, the plaintiff argues that the judge should have considered the Berube factors.  The plaintiff "did not make this argument in [his] rule 60 (b) motion, and therefore we do not consider it." Fort Point Invs., LLC v. Kirunge-Smith, 103 Mass. App. Ct. 758, 765 n.10 (2024).

Based on the facts he found, the judge concluded that the plaintiff did not meet the "considerable burden" to show excusable neglect.  Gath, 440 Mass. at 497.  We discern no error or abuse of discretion in the judge's denial of the plaintiff's motion seeking relief from the judgment.

> Order dated October 9, 2024, denying motion to remove default judgment, affirmed.
>
> By the Court (Grant, Walsh & Brennan, JJ.[3]),

Paul Little

Clerk

Entered: May 19, 2026.

---

[3] The panelists are listed in order of seniority.

5